## HOSTLER, Respondent, v. HAYS, Appellant.

Although it is generally true that estoppels bind only parties and privies, yet even parol admissions may be conclusive, where they have had the effect of inducing another to alter his condition.

P., in possession of a vessel, appoints a master. The plaintiff (who sets up a claim to the vessel) entered into a charter-party with P., and by it acknowledges him to be owner, and H., the master appointed by P., to be master of the vessel. After the charter-party, the declared owner of the vessel became the debtor of the master, who attached the vessel for his debt. The plaintiff brought this action against the sheriff, to recover the vessel held under the attachment. Held, that where one permits another to deal with his property as if it belonged to the latter, and by his declarations permits others to be misled, such declarations must be considered as addressed to every one in particular who may give credit upon the strength of them, and the party making them must be concluded.

In such cases the party is estopped, on grounds of good faith and public policy, from repudiating his own representations.

A technical estoppel only is required to be specially pleaded, which is only by deed to the party pleading, or to one under whom he claims, or by matter of record.

APPEAL from the Superior Court of San Francisco.

The plaintiff complained that he, being the sole owner of the

Barque Orion, her tackle, &c., of the value of $10,000, the defendant (the sheriff of the county), on the      day of      wrongfully seized and took said barque, and unlawfully detains the same, to his damage, &c., and prays judgment for the return thereof, &c.

Defendant, answering, says that by virtue of an attachment issued out of this court, at the suit of William H. T. Haines, against Jno. Q. Powett, he, on the 25th April, 1853, attached the said Barque Orion as the property of, and liable for the debt claimed to be due from, the said Powett to the said Haines ; and avers that it was liable for the said debt, and that the seizure was not wrongful but legal—and prays judgment, &c.

A jury was waived, and the case was tried by the court.

The following facts were admitted, as appears by the statement agreed upon.

That on the 31st March, 1852, plaintiff purchased the Barque Orion at a marshal's sale, and paid therefor $3150 ; and received the marshal's bill of sale therefor, which he now holds. That the ship's papers stand in the name of the plaintiff. That after the purchase, plaintiff agreed with one John Q. Powett, that when he would pay the cost and expenses of the vessel, with interest, and also moneys then due from Powett to plaintiff, the plaintiff would convey the vessel to Powett, and that in the mean time Powett might make use of it. That on the 27th October, the plaintiff and Powett entered into a charter-party (marked A), and on the 2d November, 1853, Powett appointed William H. T. Haines master of said barque, with the knowledge and consent of the plaintiff.

Plaintiff proved that the barque sailed from San Francisco on the 1st November, 1852, that said Haines was the master, appointed by Powett with the sanction of plaintiff. That three or four days after the barque sailed, the witness, at the request of plaintiff, told Haines that the plaintiff was the owner, and that Powett was not the owner ; and the witness, who was the plaintiff's cashier, said further, that Powett had no money to his credit with the plaintiff since 1851.

Defendant proved by John Henderson, that in April, 1852, plaintiff put him in charge of the Orion, and paid him wages till October of the same year. In October, the plaintiff informed

witness that John Q. Powett was the owner of the barque, and that, therefore, witness must look to Powett for his wages. That on the 1st November, 1852, witness called on plaintiff for the wages due him up to that date, and plaintiff refused to pay him, assigning for a reason that he must look to Powett, the owner of the vessel. Witness then demanded his wages of Powett, who took him to plaintiff's office, and after some conversation between plaintiff and Powett, witness was paid by plaintiff's cashier.

The cashier testified that he paid Henderson out of plaintiff's money.

Henderson further testified that he sailed the vessel on the 6th November, 1852, as mate; that she returned in April, 1853, and that plaintiff paid him off; that all the wages he had ever earned on board the vessel had been paid by plaintiff, who with his partner were consignees of the vessel.

Haines was called by defendant (and objected to, the seizure of the vessel having been made at his suit; but admitted by the court), and testified that on the 5th November, 1852, Leidham (plaintiff's cashier) told him that the bill of sale and ship's papers stood in plaintiff's name; that the plaintiff had not had time to make out Powett's papers. That the vessel was attached by him for money loaned to Powett some two or three days before the vessel sailed, in November, 1852, and that he had directed the Orion to be seized under said attachment. That he had no information from any one, of the Orion being the property of the plaintiff, till after his return with her to this port, in April last; that he understood, from the remarks of Leidham, not that the vessel was the property of the plaintiff, but that it stood in his name, in consequence of the accounts between the plaintiff and Powett being unsettled through want of time.

The charter-party referred to above, is dated 27th October, 1852, made between John Q. Powett, owner of the good ship Orion, &c., now in the port of San Francisco, whereof W. H. T. Haines is master, and Hostler, Baines & Co., of, &c., charterers, &c., for a voyage to Realejo. The charterers agree to load the vessel, pay freight, &c., as specified. The cargo was consigned to Hostler and Baines, shown by bill of lading, &c.

The court found that the seizure on the 28th April, 1853, was

made by defendant at the request of W. H. T. Haines, as the property of Powett, and that at the time of the seizure, the plaintiff was, and now is, the sole owner of the said vessel, Orion, her tackle, &c., and that plaintiff is entitled to the possession of said vessel. And judgment ordered accordingly, and writ of possession. Defendant appealed.

*Burnell* and *Gorham*, for appellant.

The respondent is estopped, by his deed and his declarations, from contesting the ownership of the vessel in Powett, as against third persons, dealing with Powett in good faith, and in ignorance of the title being 'in the respondent. 3 Hill, 216, and cases cited; 2 Comp. 344; 15 Pick. 40.

*Betts* and *Emmett*, for respondent.

The estoppel raised by the appellant should have been pleaded, and not being on the record, cannot be entertained. See 1 Saund. Plead. and Ev. 38, and cases cited.

The property is plaintiff's. Can any dealings between Powett and a third party, authorize the property of the third party to be levied upon at the suit of a creditor of Powett's? The parties are Hostler and Hays, and Hays cannot divest Hostler of his property in this issue, nor can the claim of Hays upon Powett authorize this attachment. The doctrine of estoppel applies alone to purchasers and owners, and prohibits the setting up of one title against another. But it never was extended to general creditors, so as to give them the right to attach or take in execution, property thus situated. See 3 Hill, cited above.

An admission, to work a forfeiture, must, 1st, be inconsistent with the claim of the owner; 2d, the other party must have acted upon it; and 3d, it must appear that if disproved, the party acting upon the faith of it, would be injured. Ib. and 8 Wend. 488. It must have been designed to influence the party acting upon it: Ib., per NELSON, Jus. ; made with reference to the contemplated action. One man cannot have the advantage of an admission made to another. Haine v. Rogers, 9 Bain. & Cross. There is in this case, that is, no more is exhibited than a *prima facie* inference of title, arising out of the transaction, but open to explanation by Hostler. If Powett were to refuse to surrender

the vessel, having never paid a cent of the purchase-money, and Hostler were to sue him, and could show the facts admitted, would he be estopped by the charter-party? If not, is Haines his creditor in better position? Can Powett's creditors claim in that capacity what the debtor himself could not?

But the doctrine of estoppel rests upon facts, and the facts of this case have been found by the court.

*Barrett*, in reply.

Hostler, in his suit, charges that Hays had taken and carried away his property; this Hays denies. How can an estoppel be pleaded to statements which are not alleged in the complaint? The acts and declarations of Hostler came out on the trial, in proof that he was the owner of the vessel in April, 1852. Hays then proved that he, long after, had ceased to be owner. Powett was bound by his acts and by the charter-party, so was Hostler; if one could not deny ownership neither could the other. Under the charter-party, Hostler could have declared against Powett, and enforced the voyage. If so, could he at the same time have claimed the ownership? And after putting Powett in possession, and acknowledging him sole owner, could Hostler set up a *secret lien*, one known only between themselves, the latter all the while in possession and controlling the property?

The property has not been admitted to be the plaintiff's, since April, 1852. The parties then settled the matter, and neither can now unsettle it for the other, nor both as regards creditors.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

There is no dispute in this case as to the material facts. The question is, whether the court below decided the law correctly upon the facts?

The appellant's counsel relies mainly upon the doctrine of estoppel, which, it is insisted, applies to this case, because in the deed of charter-party executed by the plaintiff, he admits that the vessel is the property of Powett, and this admission came directly to the knowledge of Haines as master of the vessel, and induced him to give credit to Powett.

The sense of estoppel is, that a man for the sake of good faith

and fair dealing, ought to be estopped from saying that to be false, which, by his means, has become accredited for truth, and by his representations has led others to act.   4 Kent.   Although it is generally true that estoppels bind only parties and privies, yet even parol admissions may be conclusive, where they have had the effect of inducing another to alter his condition.

In this case, Haines is appointed master of the vessel by Powett, who is in possession.   After that, the plaintiff enters into the charter-party, and by it acknowledges Powett to be owner, and Haines to be master, and stipulates to pay Powett for the charter.

The charter describes the voyage, and was necessary for the direction of the master.   The presumption necessarily arises that it was in his possession.   After the execution of the charter, Powett, the declared owner, becomes the debtor of the master.

It is a general presumption that a debtor is trusted upon the faith of his property, and his possession of property is *prima facie* proof of ownership.   Where, therefore, one permits another to deal with his property as if it belonged to the latter, and by his declarations permits others to be misled, such declarations must be considered as addressed to every one in particular who may give credit upon the strength of them, and the party making them must be concluded.

This is the same case as where a man holds out to the world that a certain woman is his wife ; in a suit for her debts, he will not be allowed to deny the marriage.

So if a party permits his name to be used as one of a copartnership, he is liable to a stranger who believed him to be a partner.   In all such cases, says Greenleaf, the party is estopped, on grounds of public policy and good faith, from repudiating his own representations.   1 Greenleaf Ev. § 207.

It is, however, insisted, that if the charter-party is to operate as an estoppel, it ought to have been specially pleaded.

It is well settled that only a technical estoppel is required to be specially pleaded, and a technical estoppel is by deed to the party pleading, or to one under whom he claims, or by matter of record.   Here the charter-party is not made to Haines or the defendant.   It is only that one of the recitals in that instrument,

coming to the knowledge of Haines, and presumptively inducing him to give credit to Powett, must operate by way of estoppel against the plaintiff, because in good conscience he ought not to be permitted to gainsay his admission. It is not, therefore, a technical estoppel. In the case of the Welland Canal Co. *v.* Hathaway, 8th Wendell, 480, upon this point, Judge NELSON says, " The acts set up in this case, it is not pretended, constitute a technical estoppel, which can only be by deed or matter of record, but it is said they should operate by way of estoppel, an estoppel in *pais.* Such estoppels cannot be pleaded, but are given in evidence to the court and jury, and may operate as effectually as a technical estoppel, under the direction of the court." And to sustain this position, he cites Coke Lit., Vin. Abr., and other respectable authorities.

There is no doubt that such is the correct rule, and under the issue, made up in this case, the defence was properly admissible.

It results from this opinion, that the judgment of the court below must be reversed, and judgment here rendered for the defendant.

Decreed accordingly.