## HARPER *v.* FREELON.

Cases of Insolvency under the Act of 1852, are special cases within the meaning of the Constitution.

The Legislature in conferring jurisdiction in these cases, on both the District and the County Courts, acted in the exercise of a legitimate power, and these Courts have concurrent jurisdiction.

MANDAMUS to compel the Judge of the County Court of San Francisco County to entertain jurisdiction of a proceeding in insolvency.

On the return of the alternative writ, the following points were made in opposition to the writ :

1st. That unless a proceeding in insolvency be a *special* proceeding, the Legislature cannot confer jurisdiction on the County Court; and that if it be a special proceeding, the County Court has *exclusive* jurisdiction.

2d. That there is no general Insolvent Law, but one made for the District Court *only;* and that *afterwards* the Legislature sought to confer jurisdiction on the County Court in these cases, while the machinery to be used must be that provided for the District Court alone.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Justice TERRY concurred.

Cases in insolvency under the Insolvent Debtor's Act of 1852, are special cases within the meaning of the Constitution, and the jurisdiction of which the Legislature has the right to dispose of and vest in any of the Courts of this State of original civil jurisdiction.

In the exercise of a legitimate power, the Legislature has given jurisdiction in these cases to both the District and County Courts, and these Courts hold it concurrently. There is no reason therefore for the refusal of the County Judge to proceed upon the petition of the apellant, and the mandamus must be made peremptory. So ordered.