Denio, Ch. J.
 

 The appellants insist that the county court has no jurisdiction to entertain proceedings for the par tition of lands. In.
 
 Kundolf
 
 v.
 
 Thalheimer (2 Kern.,
 
 593), we determined that an action for an assault and battery was one over which that court had no jurisdiction, and the question is whether the present case falls within the principle of that decision. I am of opinion that it does not. The question depends upon the construction to be given to the provision of the constitution that “ the county court shall have such jurisdiction in special cases as the legislature may prescribe $ but shall have no original civil jurisdiction except in such special cases.”
 
 {Art.
 
 6, § 14.) Another part of tire same section declares that66 the legislature may confer equity jurisdiction in special cases upon the county judge,” but I do not think it necessary to rely upon this last clause. The legislature has attempted to confer jurisdiction upon the county courts in all civil actions in which the relief demanded is the recovery of a sum of money not exceeding five hundred dollars, where all the defendants are residents of the county. It has also in express language given jurisdiction to those courts in cases, among others, for the partition of real1, estate situated within the county.
 
 {Code,
 
 § 30.) The act. qualifies all these as special cases. Trespass for an assault
 
 *74
 
 and battery was a usual common law action, and we held that the legislature could not, by limiting the amount to be recovered, and confining the jurisdiction to cases where the parties sued resided in the county, convert such an action into a special case within the meaning of the constitution. If they could do this, the whole class of actions sounding in damages, with such limitation as to amount, as might be prescribed, could be brought within the cognizance of these tribunals; a consequence which the legislature certainly did not contemplate. The ordinary actions at law, in use when the constitution was framed, cannot be made special cases by calling them so; but the proceedings to obtain a partition of lands, held in joint tenancy or tenancy in common, are, in a certain sense, special in their character. At the common law there was no remedy for the parties in such cases. The statute of 31
 
 Henry VIII. (ch.
 
 1), which first gave them a remedy, recited that such parties could not make any severance without “ their mutual assents and consents.” It enacted that such tenants should thereafter have a writ out of Chancery
 
 de participations faciendo.
 
 Suits for partition thus became regular actions; and if the practice of partitioning lands in this form had been continued in this state, and if the present action was of that character, I do not see how it could be considered a special case, within the constitutional provision. But the legislature at an early day instituted a summary proceeding by petition, which, after being often revised and amended, at length took the form in which it is at present found in the Revised Statutes.
 
 (2 R. S., 315,part
 
 3,
 
 ch.
 
 5,
 
 tit. 3; 1 R. L.,
 
 1813, 507,
 
 and note at the foot of the page.)
 
 The proceedings under review were prosecuted according to the forms thus prescribed, the Code having, in effect, adopted these forms. (§ 448.) It is true that this remedy is arranged in the Revised Statutes as a part of the chapter entitled “ Of suits relating to real property.”
 
 (p.
 
 565.) But nothing should be inferred from that, is the same chapter embraces proceedings to comp®1 tba
 
 *75
 
 lu-vhvVnination of claims to real property, and proceedings to discover the death of persons upon whose lives any particular estate may depend (both cases of a very special kind) as well as the regular actions of ejectment, waste, nuisance &c. The proceeding to obtain partition is, in fact, very special in its character. It is commenced by petition, without a suit of any kind. The allegations of the parties are peculiar, and unlike those in the ordinary common law actions. Everything is summary, with a view to save expense and prevent delay. It may be best characterized, I think, as a special statutory proceeding, instituted to take the place of the tedious action by original writ out of Chancery, to which I have referred. It may, therefore, in my opinion, be considered a special case, according to the use of that phraseology in the constitution.
 

 No exception having been taken in the county court, I am in favor of affirming its judgment, and the judgment of the Supreme Court rendered on the appeal to that court.
 

 All the judges concurring,
 

 Judgment affirmed.