## THE PEOPLE *v.* MAIN.

Taking the recognizance of bail is a special case within article 6, section 15 of the Constitution, and the power may be conferred by the Legislature upon a local officer appointed to discharge the duties of county judge.

The power is independent of any disability of the county judge or a vacancy in that office.

APPEAL from the Supreme Court. Action upon a recogni-zance entered into by the defendant before W. N. MASON, Special County Judge of Chenango county, in the penalty of $500, conditioned for his appearance at the next Court of General Sessions, to be held in that county, to answer and stand trial upon an indictment against him for grand larceny. The only question made on the trial of the present case was as to the authority of the officer to take the recognizance, the defendant's counsel insisting that the act of the Legislature providing for his appointment, so far as it professed to confer upon him that power, which was possessed by a county judge out of court, was a violation of the Constitution. The judge holding the circuit, being of that opinion, dismissed the com-plaint, and the counsel for The People excepted. The court at general term, however, reversed the judgment, and the de-fendant thereupon brought this appeal, giving the stipulation required by the statute.

*Sherwood S. Merritt,* for the appellant.

*Isaac S. Newton,* for the respondent.

DENIO, J. The officer had power to take the recognizance of bail if the Legislature was competent to confer it. The act declares that the Special County Judge of this county shall "possess the like powers and perform the same duties which are possessed or can be performed by a county judge, out of court." (*Laws of* 1852, *ch.* 73, § 2.) Under the former Consti-

tution and laws any judge of the County Court had power to let to bail persons under indictment for offences triable by a Court of General Sessions (2 *R. S.*, 728, § 56), and by the judiciary act every county judge is clothed with all the powers possessed by the former judges of the County Courts, or any of them, at chambers or otherwise, when not holding court. (*Laws of* 1847, 642, § 27.) These statutes make out a perfect title in this officer, so far as the Legislature is concerned, to take the recognizance in question.

The functions of the *local officers* mentioned in the Constitution, as defined by that instrument, are "to discharge the duties of county judge and of surrogate, in cases of their inability or of a vacancy, and to exercise such other powers in special cases as may be provided by law." (*Art.* 6, § 15.) As there was a county judge in office when the recognizance was taken, quite able to attend to the duty of taking it, the local officer had no jurisdiction as a temporary incumbent under the first branch of the provision. We have had some difficulty in interpreting the term, "special cases," where it is used in another part of this article. By some judges the qualifying word special is considered as having been used in opposition to ordinary or common, and as denoting some legal proceeding other than a regular action at law or in equity. (*Kundolf* v. *Thalheimer*, 2 *Kern.*, 593; *Doubleday* v. *Heath*, 16 *N. Y.*, 80.) Taking this to be the true meaning, in both instances in which the term is employed, the taking of bail out of court, upon an indictment, would clearly be a special case. It is an act aside from the general jurisdiction of criminal courts, and has always been authorized to be done by magistrates other than the judges of the court in which the offenders were to be tried. It is true the offender may be let to bail by the court in which the indictment is pending, but the law from motives of convenience has provided other agencies for performing the same duty, and when these are used the proceeding is special within the distinctions referred to. Other judges have construed the expression, special cases, in the sense of enumerated, and hold that under the provision of the Constitution clothing the

County Courts with such jurisdiction in special cases as the Legislature may prescribe, these courts may be authorized to take cognizance of the whole mass of judicial business, if properly enumerated and defined by the Legislature. (*Arnold* v. *Reese*, 18 *N. Y.*, 57.) If this view is the correct one the inquiry in the present case is, whether the act of 1852 is sufficiently specific in pointing out the cases in which the special judge may act. It cannot be necessary that each case to which the jurisdiction is to be extended should be separately mentioned It is enough if a class of cases is specified, which are in their nature distinguishable from the mass of business which goes to make up the general jurisdiction of the courts. The several duties which a county judge may perform out of court are no doubt very different from each other, but as a class they are distinguishable from those which are usually performed in court in the trial of causes and the disposition of business which must be done in open court. Hence, when we speak of the chamber business of a judge, we have a sufficiently distinct idea of its general character, and are in no danger of confounding it with his duties in term time.

I am of opinion, therefore, that upon any construction of the expression in question, the provision of the act of 1852, which we are considering, was such as the Legislature had the constitutional power to enact.

But let us suppose that this were otherwise, and that the duty of letting to bail upon an indictment could not be considered a special case. That duty and all the other official acts which a county judge may be called upon to perform out of court are things necessary to be done, and it is within the discretion of the Legislature to provide agencies for their performance. Concede now that they do not necessarily belong to the functions of the local officer as defined by the Constitution, what is the objection to the selection by the Legislature of that officer as one of the official persons who are to perform them? The provision that he shall exercise such powers in special cases as the Legislature shall provide, does not imply a prohibition against charging him with other duties which do not

fall within the description of special cases. If the duties which it is designed to impose upon him are not exclusively attached by the Constitution to another office, they may be distributed among any of the existing offices in such manner as the Legislature may determine; and that these duties are not so attached was decided in *Hayner* v. *James* (17 *N. Y.*, 316). As many of them are judicial in their nature, the officer entrusted with their performance must be an elective officer (*Art.* 6, § 18). Beyond this restriction, I do not see any prohibition against vesting them in such hands as the Legislature may think proper.

Upon the whole, I am of opinion that the judgment of the general term ought to be affirmed.

GRAY, J., delivered an opinion to the same effect; all the other judges concurring,

