## FLANDREAU *et als.* v. WHITE *et als.*

THE provision in the General Limitation Act of 1850, that the filing of the complaint shall be deemed a commencement of suit, applies to that act only, and not to the Mechanics' Lien Act. Under this latter act, to commence a suit within six months from the expiration of a credit given, a complaint must be filed and *a summons issued.*

APPEAL from the Seventeenth District.

Plaintiffs obtained two judgments against one Downey upon complaints filed on the thirteenth of September, 1858, in actions to enforce liens for lumber furnished for and used in the construction of two buildings—a stable and another building. The summons in each action was dated September 13th, 1858, and placed in the Sheriff's hands on the fifteenth of that month—meanwhile remaining in the Clerk's office. There was no contract for credit on the lumber for the stable, which was furnished from March 28th to September 1st, 1857; the notice of lien being recorded on the twenty-ninth of the same month. On the lumber for the other building a credit was given until March 13th, 1858. These buildings were sold on the twelfth of April, 1859, under orders of sale issued on said judgments to enforce said liens, the plaintiff herein becoming the purchaser and receiving the Sheriff's deed on the seventeenth of October following. The defendants here, except the Sheriff, own a judgment against Downey, docketed on the seventh day of July, 1858, in Sierra county, where said buildings are situated, and on this judgment execution was issued and levied upon the buildings. Plaintiff brings this suit to enjoin the sale. De-

fendants were not parties to the actions of plaintiffs against Downey.

The Court below held that at the time plaintiffs' suits against Downey were commenced, to wit: September 15th, 1858, the demands for which the suits were brought had ceased to be liens on the building, and that defendants, except the Sheriff, have a subsisting lien by virtue of their judgment, docketed July 7th, 1858. The preliminary injunction granted at the commencement of the suit was accordingly dissolved, and judgment rendered for defendants for costs. Plaintiffs appeal.

*A. Smith,* for Appellants.

*Stewart & Thornton,* for Respondents.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Judgment affirmed. The suit was not brought within six months from the expiration of the credit. The mere filing of a complaint is not sufficient to constitute a suit brought within the meaning of the Mechanics' Lien Law. The filing of the complaint *and the issuing of the summons* are required by the General Practice Act, and the provision in the General Limitation Act, (Wood's Dig. 45) that the filing of the complaint shall be deemed a commencement of the suit, applies to that act only, and not to the Mechanics' Lien Law.