## McNIEL *et al. v.* BORLAND *et al.*

THE proceeding to enforce a mechanic's lien under the law of 1861, is a special case, within the proper meaning of that term as used in the Constitution, of which the Legislature might properly give jurisdiction to the County Courts.

The law of 1861, giving to County Courts jurisdiction to enforce mechanics' liens, is not unconstitutional.

APPEAL from the Eleventh Judicial District, El Dorado County.

Plaintiffs filed their petition, on the 18th day of January, 1862, in the County Court of El Dorado County, to foreclose a mechanic's lien for work and labor performed in the construction of a building. The County Court dismissed the proceeding for want of jurisdiction and plaintiffs appealed.

*S. W. Sanderson,* for Appellants.

The Constitution, Art. 6, Sec. 9, provides as follows, to wit: " The County Courts shall have such jurisdiction in cases arising in Justices' Courts and in special cases, as the Legislature may prescribe; but shall have no original civil jurisdiction except in such special cases."

" An Act concerning the Courts of Justice of this State and Judicial Officers, passed May 19th, 1853 " (Chap. 5, Sec. 44), provides as follows, to wit: " The County Court shall have original civil jurisdiction—1st, of an action to enforce the lien of mechanics and others."        *        *        *        *        *

Sec. 7 of the Mechanics' Lien Law of 1861, provides as follows, to wit: " Said liens may be enforced in the County Court by any lienholder, upon his filing a petition, etc."        *        *

Thus it appears that both these acts confer jurisdiction in express terms; but it is contended on the other side, that both these acts, in the present particular, are unconstitutional. Whether they are so or not, depends upon the meaning of the words "special cases" in the Constitution, and whether mechanics' liens come within that meaning. The section of the Constitution in question is taken, word for word, from the Constitution of New York, Art. 6, Sec. 14, last sentence of the section. Under this section, the Court of

McNiel *v.* Borland.

Appeals of that State have held that the foreclosure of a mortgage was a special case, and that an act conferring jurisdiction of actions for the foreclosure of a mortgage upon the County Court was constitutional. (*Arnold* v. *Rees*, 18 N. Y.; 4 Smith's Court of Appeals, 57.) Also in the case of *Doubleday* v. *Heath* (16 N. Y., 2 Smith, 80), the same Court held that an action for a partition of real estate was a special case, and jurisdiction was constitutionally conferred upon the County Court. Upon the question as to what are special cases, *Rundolf* v. *Tholheimer et al.* (12 N. Y., 2 Kern., 593) is also cited.

Within the reasoning of those cases, a mechanic's lien under Sec. 7 of the Act of 1861, is undoubtedly a special case. No case could be more special. The proceeding there described is wholly unknown to the common law. It is wholly the creation of statute, and bears no resemblance to an action at law or a bill in equity. It is *sui generis*, and unlike any proceeding belonging to Courts of general jurisdiction, whether legal or equitable. The language used by Ch. J. Denio, in *Doubleday* v. *Heath* (p. 83), is in every respect applicable to the present case. "The proceeding to obtain partition" (to enforce a mechanic's lien) "is, in fact, very special in its character. It is commenced by petition, without a suit of any kind. The allegations of the parties are peculiar, and unlike those in the ordinary common law actions. Everything is summary, with a view to save expenses and prevent delay. It may be characterized, I think, as a special statutory proceeding, instituted to take the place of the tedious action by original writ out of chancery, to which I have referred. It may, therefore, in my opinion, be considered a special case, according to the use of that phraseology in the Constitution."

But it is contended that a different construction has been put upon the phrase in question, by the Supreme Court of this State, and the doctrine of *stare decisis* is appealed to by counsel upon the other side. In support of this position, the cases of *Parsons* v. *The Tuolumne Co. Water Company* (5 Cal. 53), and *Brock* v. *Bruce et al.* (5 Id. 279), are relied upon. We submit that neither of these cases, either expressly or by implication, asserts a doctrine fatal to the present case. The first case decides that an action to

abate a nuisance is not a special case, and the Court there say: "We think that the term 'special cases' was not meant to include any class of cases for which the Courts of general jurisdiction had always supplied a remedy."

But it is further contended that the case of *Brock* v. *Bruce et al.* (5 Cal. 279), goes further and especially declares that a mechanic's lien is not a special case. That case decides that a mechanic's lien under the statute which existed at that time, was not a special case; but it does not decide that it is not competent for the Legislature to create a lien and prescribe proceedings under it which might make it a special case. The lien which the Court decides in that case was not a special case—was created and governed by the Act of 1850.

But, *non sequitur*, that the Mechanics' Lien of 1861 is not a special case. On the contrary, the same reasoning that shows that of 1850 not to have been one, proves that of 1861 to be one. Under the Act of 1861, we have no action or suit by complaint and summons in the ordinary manner; we obtain no personal judgment, but if such is desired, we are sent to another Court, and remitted to the ordinary remedy by suit. The remedy is summary, unusual, extraordinary, peculiar, and special; and so new and strange that it never has been, before this time at least, attached to "the general frame-work of Courts of Common Law and Equity."

The case made by the seventh section of the Act of 1861 is as much a peculiar and special case as that of the insolvent, or a contested election, or the granting or dissolving of injunctions, or the issuing of commissions to take testimony; yet jurisdiction in all these cases has been constitutionally conferred upon the County Court or the Judge thereof.

*Humphrey Griffith*, for Respondent.

It would scarcely be deemed either necessary or proper to argue this question before this Court after the decision of *Brock* v. *Bond et al.* (5 Cal. 279), where this question is decided in terms, were it not for the effort of appellant to procure a reversal of that decision. In the decision of that case, the Court go to the foundation of the right as conferred by statute, and say that it is

one which can be enforced on the chancery side of the District Court. And surely that Court has the same power now that it had under the old statute, in addition to which is the fact that the course contended for by the appellant would require a multiplicity of suits to accomplish what, under the ruling of the Supreme Court heretofore, could as well be done in one.

This Court, in a long series of decisions, has defined the limits of the jurisdiction of the different Courts under the Constitution, and that jurisdiction is now well settled and understood ; for no light cause should it be interfered with. We think the Court decided rightly in holding that a suit to enforce a mechanic's lien was not a special case. If there ever was room to doubt the propriety of that decision, the evil of overturning it would be greater than to abide by it.

NORTON, J. delivered the opinion of the Court—COPE, C. J. and CROCKER, J. concurring.

The provision of our State Constitution, that County Courts shall have jurisdiction in special cases as the Legislature may prescribe, was copied from the Constitution of the State of New York. The Judges of the Court of Appeals of that State are about equally divided as to the proper meaning of the provision. One portion consider that it is the purpose of the Constitution to confer upon the Supreme Court, which corresponds to our District Court, general jurisdiction in all cases properly cognizable in Courts of Law and Equity, without specially designating them ; and also to authorize the Legislature to confer upon County Courts jurisdiction in such cases as the Legislature might think appropriate to that tribunal, and should specially designate. Another portion consider that the Constitution intends only to authorize the Legislature to confer jurisdiction upon County Courts in cases which are in their character special, by differing from those cases of which the Supreme Court would take cognizance by virtue of its powers as a Court of general jurisdiction. (*Arnold* v. *Rees,* 18 N. Y. 57.) The latter is the view taken by the Supreme Court of this State. (*Parsons* v. *The Tuolumne County Water Co.,* 5 Cal. 43 ; *Brock* v. *Brice et al.,* 5 Id. 279.) In these cases our Supreme Court say :

" The ' special cases,' therefore, must be confined to such new cases as are the creation of statutes, and the proceedings under which are unknown to the general framework of Courts of Common Law and Equity." There remains difficulty, however, in determining what are such special cases.

It is a maxim that there can be no right without a remedy; and it is not easy to imagine any new case in which a right should be conferred by statute, for which a mode of enforcing it would not be found in the general framework of the Courts of Common Law and Equity. In New York, some of the Judges, who held that these special cases must be in their character different from those falling within the cognizance of Courts of general jurisdiction, have nevertheless concurred in holding that a proceeding for the partition of land and an action to foreclose a mortgage were special cases. (*Arnold* v. *Rees*, cited above; *Doubleday* v. *Heath*, 16 N. Y. 80.) And in our State the same has been decided in regard to proceedings in insolvency. (*Harper* v. *Freelon*, 6 Cal. 76.)

The lien of a mechanic upon a house and the ground on which it stands, as security for the amount due to him for work done and materials furnished in building the house, irrespective of any contract for such a lien, is the " creation of statute," and the proceedings to enforce it as provided by the law of this State as amended in 1861, " are unknown to the general framework of Courts of Common Law and Equity," if any proceedings can be. They are commenced by petition, and not by complaint and summons. No summons or other process is issued, but in their place a notice is published for all persons interested to come in and participate; and all the other steps are calculated to dispose of the matter in a summary way, and with the least delay and expense. In these respects they are substantially identical with the proceedings in insolvency. The right and the remedy are peculiar, and we can conceive of no case that could be considered " special," if this is not.

It is said, however, that the point has been decided the other way in the case of *Brock* v. *Bruce* (cited above). We think there is a radical difference between that case and this. By the law as it stood when that case was decided, the mechanics' lien

McNiel *v.* Borland.

could only be enforced by an action; and the Court put the decision expressly upon the ground that the mechanic could enforce his right to compensation for his work and materials by suit in Courts of general jurisdiction, and that the lien was a species of mortgage added by statute, which followed the debt, and might be enforced in the same action.   In the law, as it now stands, the debt and the lien are expressly separated: the former to be enforced by an action, of course, either in the District Court, or before a Justice of the Peace; the latter by a special proceeding in the County Court only.   The debt, which would exist if there were no Mechanics' Lien Law, may be enforced like any other debt—by action in a proper Court.   The lien is a peculiar right, existing only by the statute, and which the same statute provides must be enforced by a special proceeding wholly separate from the debt. This case falls within the definition of "special cases," as given in the case of *Brock* v. *Bruce et al.* (5 Cal. 279), but is not within the effect of that decision.

If the term "special cases" in the Constitution, means such cases as the Legislature may see fit to assign to the jurisdiction of County Courts by special designation, without regard to their peculiar character, then of course the County Court had jurisdiction of the case under consideration, as such jurisdiction is directly given by the seventh section of the Mechanics' Lien Law as amended in 1861.

Our conclusion is, that under either view of the proper meaning of the term "special cases" in the Constitution, the provision to enforce a mechanic's lien under the law as amended in 1861, is a special case of which the Legislature might properly give jurisdiction to the County Courts under the Constitution.

The judgment is therefore reversed, and the cause remanded for further proceedings.