## FLANDREAU *et al v.* DOWNEY.

JUDGMENTS are evidence in actions concerning the same matters for or against the parties thereto, as well as their privies in estate.

A was the owner of certain houses and lots.   B obtained a judgment against him; sold the property, and obtained a Sheriff's deed.   After B's purchase, C commenced an action against A to foreclose a mechanic's lien on the property, which lien had been recorded before B's judgment had been docketed, but did not make B a party defendant.   C obtained judgment of foreclosure, and had the property sold, and became the purchaser.   A then purchased of B the title which he had acquired by his Sheriff's deed.   In an action brought by C against A to recover possession: *held,* that A was not estopped by C's judgment from asserting the new title he had acquired by the deed from B.

An estoppel by deed or matter of record should be pleaded as such, where there is an opportunity to plead it.   Where no opportunity to plead it occurs, it is conclusive as evidence.

If a record that has not been pleaded is offered in evidence as an estoppel, and no objection is made at the time that the record has not been specially pleaded, the objection is deemed waived.

In a suit in equity to enjoin a Sheriff and the plaintiffs in an execution from selling real estate, on the ground that the sale would be a cloud upon plaintiffs' title, a judgment denying the injunction and dismissing the complaint is not an estoppel, so as to prevent plaintiffs from showing the truth upon the subject, in a subsequent action to recover possession of the property.

APPEAL from the District Court, Seventeenth Judicial District, Sierra County.

The facts are stated in the opinion of the Court.

*Vanclief & Bowers,* for Appellant.

The admission of this evidence against our objection, was error, because Downey was not a party to the action of *Flandreau et al.* v. *White et al.*, in which case the judgment was against *Flandreau et al.* (1 Phillips' on Evidence, 326, 327 ; Cowen & Hill's Notes to same, Part 2d, 571, 574, 818, 819 ; *Byers* v. *Atwater*, 4 Day, 431–435 ; *Hurst* v. *McNiel*, 1 Wash. C. C. 79–83 ; 19 N. Y. 108, and cases there cited.)

In the two actions of *Flandreau* v. *Wm. M. Downey*, on which plaintiff's title in part depends, the parties were the same as in this case ; and Wm. M. Downey, who was the defendant in those actions, is therefore conclusively bound by the judgments therein against him, and is estopped from disputing anything therein determined. (9 Cowen, 270 ; 2 Denio, 9 ; 15 Wend. 615 ; 4 Cow. 602 ; 2 Barb. 206 ; 1 Hilliard on Mortgages, 440 ; 1 Greenl. Ev., Sec. 522.) And as the record in the case of *Flandreau et al.* v. *White et al.* could be relevant for no other purpose than to impeach or invalidate what had been determined against Downey in those cases, it should have been excluded.

*Taylor* and *Cowdery* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover possession of two lots, with the buildings thereon, in the town of Downieville. The plaintiffs claim title under two judgments rendered in their favor against the defendants, dated October 2d, 1858, to enforce mechanics' liens on said property. These liens were duly recorded September 29th, 1857, and a credit had been given on the debt for one year from March 13th, 1857. The complaints, in the action to enforce these liens, were filed September 13th, 1858. The summonses issued thereon were dated the same day ; but were not placed in the hands of the Sheriff until two days thereafter, having remained in the meantime in the hands of the Clerk. The plaintiffs purchased the property at the sales under their judgments, and their deeds bear date October 17th, 1859.

To rebut this evidence of title the defendant showed that How-

ard & Ladd recovered a judgment against him, which was docketed July 7th, 1858, under which the property was duly sold at Sheriff's sale, and purchased by Ladd; and that Ladd had conveyed the same to him since his purchase, by a deed bearing date October 8th, 1861. As the title obtained by the plaintiffs, under their judgments and sales thereon, relates back to the date of the recording of their mechanics' liens, and as that was prior to the docketing of the Howard & Ladd judgment, under which the defendant claims a new and subsequently-acquired title, it follows that under this evidence the plaintiffs had the prior and better title to the premises.

But the defendant introduced further proof. He offered in evidence the judgment roll, findings, and *remittitur* from the Supreme Court, in a case brought by the present plaintiffs against White, Howard & Ladd, to enjoin the latter from selling the premises under the judgment of *Howard & Ladd* v. *Downey*, on the ground that such sale and the title acquired under it would be a cloud upon their title acquired at the sale under their judgments. The judgment in that case was as follows: " It is hereby ordered, adjudged, and decreed that the injunction heretofore granted and issued in said cause be and the same is hereby forever dissolved, and the complaint of said plaintiffs be and the same is hereby dismissed. It is further ordered that said defendants have and recover judgment of, from, and against said plaintiffs for their costs in this behalf expended." That case was appealed to this Court, when the judgment was affirmed on the ground that the actions to enforce the mechanics' liens were not commenced, within the meaning of the statute, until the fifteenth day of September, as the summonses were not issued until that day, and therefore they were not commenced within six months after the credit had expired, as required by the statute. (The case will be found reported in 18 Cal. 639.)

To the introduction of this evidence the plaintiffs objected: first, that that action was not between the parties to this suit; second, that the defendant Downey was estopped by the judgments in the action on the mechanics' liens from contesting their validity, and that they were conclusive against him; third, that they were

irrevelant to the issue of this case. The Court overruled these objections and admitted the evidence, and this is the first error assigned.

The first objection is that the record and judgment in that action were inadmissible, because Downey was not a party in that action. In this case, however, the defendant Downey claims title under and derived from the defendants in that action, and he is therefore a privy in estate. As such the record in that case is clearly evidence for and against him. (2 Phil. Ev., C. H. & E.'s Notes, 14, 15, Note 260 ; 2 Smith's Leading Cases, 518.) This objection, therefore, is not well taken.

The second objection is that Downey, the defendant, is estopped by the judgments in the mechanics' lien suits from contesting their validity. If Downey claimed by no other title than that held by him at the date of these judgments, he would be concluded by them. But he claims by a new and subsequently-acquired title, derived from Ladd ; and as the holder of that title he thereby acquired the same rights, as against those judgments, that his vendor had, and can claim the full benefit of that title, as against these plaintiffs, the same as his vendors could. As they were not concluded or estopped by those judgments, not having been parties in the actions in which they were rendered, so he, claiming under them by privity of estate, is not concluded or estopped by them. The objection, therefore, is untenable.

The third objection is that this evidence was irrelevant to the issues in this case. The defendant did not plead this judgment in his answer as an estoppel, or as showing that the same matter involved in the controversy in this case was adjudicated and determined in that. Whether it was necessary to thus set up this judgment as an estoppel, or as *res judicata*, in order to make it an issue in the case, or whether it was a matter which could properly be given in evidence, without being thus specially pleaded, is not very clearly settled. In *Hostler* v. *Hays* (3 Cal. 302) it was held, that only a technical estoppel, by deed or matter of record, was required to be specially pleaded, and that an estoppel *in pais* need not be. The estoppel claimed in that case was not by deed or matter of record ; and it was not necessary, nor does the Court hold, that in

all cases where an estoppel is claimed by deed or matter of record it must be specially pleaded. This question is examined at some length in 2 Smith's Leading Cases, 519–522, and the result would seem to be that a record or deed is conclusive as a plea where there is an opportunity of pleading it, but where there is no such opportunity then it is conclusive as evidence. (Id. 521.) The averments of the complaint in this action, as is but too common in actions of this kind, are of the most general character. The answer, after denying the allegations of the complaint, sets forth the judgment of Howard & Ladd against him, the sale of the property under it to Ladd, and the sale by the latter to him; but contains no averment relating to the suit of the plaintiffs against White and others, or the judgment rendered in it. No objection was made to the introduction of this evidence, that the record had not been specially pleaded, and it is therefore to be deemed as waived. If that specific objection had been made at the time, the Court could have allowed the defendant to amend his answer by making the proper averments to authorize the admission of the proof and remove the ground of the objection.

But it is urged that it is irrelevant on another ground; that is, that this record shows no such adjudication of the matters in issue in this action as will estop or conclude the plaintiffs from showing the truth upon the subject. The case of *Fulton* v. *Hanlow* (20 Cal. 450) is very similar, in almost every point to the present. In that case the record claimed to be *res judicata*, was a suit in equity to enjoin proceedings under a Sheriff's sale, on the ground that they would make a cloud upon the plaintiff's title; and the judgment was that the complaint be dismissed, and that the purchaser at the Sheriff's sale was entitled to a conveyance from the Sheriff, in which latter respect it went further than the judgment offered in this case. It was held that the purchaser's title was not so adjudicated in the suit in equity, or established by the decree, as to become *res judicata*, but was still open to be controverted in a subsequent action for the possession between the parties or their privies. This is decisive of the present action, for the judgment of the Court below seems to have been founded entirely upon this prior adjudication, the very findings in which were copied, and

made part of the findings in the present action, on the ground of the conclusive effect thereof.

The judgment is reversed and the cause remanded.