## HAMM *v.* ARNOLD.

ARNOLD commenced a suit in equity against Hamm, Gallup & Gwin, averring that he was in possession of a tract of land, and Gallup had executed a deed of the land to Gwin in 1856, in trust for Hamm, and that neither Gallup nor Gwin had any title to the land; and asking that this adverse claim be adjudged null and void. Hamm answered, denying that he claimed any interest in the land under the deed. On the trial the complaint was dismissed as to Hamm, and judgment rendered against the other defendants. Arnold, in 1857, purchased the land at a sale on an execution issued on a judgment against Packard Hamm, grantor. Hamm afterwards brought an action against Arnold to recover possession of the land : *held*, that Arnold was not estopped by the judgment in the equity suit dismissing his complaint as to Hamm, from proving title under his Sheriff's deed.

APPEAL from the District Court, Thirteenth Judicial District, Stanislaus County.

Albert Packard was seized in fee of the demanded premises on the twelfth day of March, 1856, and continued so seized till he conveyed it to plaintiff, Hamm, on the third day of January, 1857. It was under this deed from Packard that Hamm claimed title in the present action. The suit brought by Arnold against Hamm, Gallup, and Gwin was commenced December 30th, 1858, and judgment was rendered in it February 17th, 1860. The present action was commenced October 7th, 1861. The other facts appear in the opinion of the Court.

*J. J. Stoddard*, for Appellant.

*A. Shell*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of a tract of land in Stanislaus County. The case was sent to a referee for trial. After the plaintiff had proved his claim of title, he gave in evidence a record in another action, which was a suit in equity brought by the defendant, Arnold, against the present plaintiff, Hamm, and one Gwin. The defendant then offered evidence to prove that on the

tenth day of February, 1857, he purchased the premises in question at a Sheriff's sale under an execution issued upon a judgment against one Packard, the plaintiff's grantor, which was a subsisting lien upon the premises at the date of the deed from Packard to the plaintiff, and at the time of the purchase by the defendant. The plaintiff objected to this evidence as irrelevant, on the ground, that the defendant was estopped by the decree in the equity suit. The referee sustained the objection, and the defendant's evidence of title was excluded, which is now assigned as error.

The complaint in the suit in equity, brought by Arnold against Hamm and Gwin, under which the estoppel is claimed, alleged that he (Arnold) was the owner, and was and had for a long time been in the peaceable possession of the premises in controversy; and that the " defendants claim an estate or interest in said lands adverse to the right and title of the plaintiff thereto; and by their own act, or by their procurement, a deed of said land bearing date December 13th, 1856, executed in due form of law to the said defendant Gwin, by S. M. Gallup, has been, or was, on the twentieth day of December, 1856, duly filed for record in the office of the County Recorder of said County of San Joaquin, after having been acknowledged in due form before a Notary Public." It then avers that at the date of the deed, Gallup had no interest in the land; and Gwin has no interest therein, and the deed was made to cast a cloud upon the plaintiff's title; that Hamm has the beneficial interest in this claim of Gwin's, and Gallup and Gwin held and hold the same in trust for Hamm. There are several other averments not necessary to mention. The complaint prays that said adverse claim may be adjudged null and void; and that Gwin may be decreed to convey the land to the plaintiff; and that in the meantime he may be restrained from conveying or incumbering it.

The answer of Hamm in that suit denies that the deed to Gwin was procured by him, or that he ever had or has any beneficial interest or title in the claim of title under the deed to Gwin, or that the latter holds any interest therein in trust for him; and prays that the complaint be dismissed as to him. The decree in that suit adjudged the deed to Gwin to be void; and the latter was ordered to execute and deliver a conveyance of his claim of title

to the premises derived under the deed, to the plaintiff; and that " the complaint be dismissed as against the defendant, Hamm."

It is evident that this title of the present defendant, Arnold, was not adjudicated; or if involved in the controversy in that suit, that the adjudication was not adverse to his title, but on the contrary was sustained by the decree. The mere dismissal of the complaint, as against Hamm, was not an adjudication against the title of Arnold, or in favor of any title claimed by Hamm. On the contrary, Hamm set up no title in that action, but denied all the material allegations of the complaint against him. Taking the averments of his answer to be true, then he was improperly made a party to the suit; and the presumption is, that the Court found them to be true, and granted his prayer by dismissing the suit as to him. But the answer of Gwin raised issues to be tried, and showed that he was the real party defendant; and as to him, the issues, involving Arnold's title and right of possession, were found in favor of Arnold, and the decree was rendered accordingly. There is no valid ground for the claim that the judgment in this suit in equity estopped Arnold from proving his title in the present action. A question very similar in principle was so decided in the cases of *Fulton* v. *Hanlow* (20 Cal. 450) and *Flandreau* v. *Downey* (23 Cal. 354). (See, also, *McDonald* v. *The Bear River and Auburn Water & M. Co.*, 15 Id. 145; *Kidd* v. *Laird*, Id. 162.) The referee therefore erred in excluding the defendant's evidence.

The judgment is reversed, and the cause remanded.