## VAN WINKLE et al. v. STOW and C. H. GRIMM, INTERVENOR.

*McNeil* v. *Borland* (23 Cal. 144) affirmed.

To enforce a lien under the Act of May 17th, 1861, for securing the liens of mechanics and others, no complaint need be filed, or summons issued; but in lieu thereof a petition is filed, and the Clerk issues a notice, which is published.

When a proceeding is commenced to enforce a lien under the Act of 1862, persons having a lien by mortgage upon the property upon which the lien is sought to be enforced, have no right to intervene.

APPEAL from the County Court of Sacramento County.

The facts are stated in the opinion of the Court.

*Harmon & Hartley*, for C. H. Grimm, Intervenor and Appellant.

*George R. Moore*, for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is a proceeding brought in a County Court under the Mechanics' Lien Law, to enforce a mechanic's lien upon the "I Street Railroad," in the City of Sacramento. C. H. Grimm

30

claimed to hold three mortgages upon the property, and that they were liens thereon prior to those of the mechanics and material men.  The case was tried by a referee, who reported findings of facts, and a judgment in favor of the holders of the mechanics' liens, from which the intervenor appeals.

The first object that we will notice is, that the County Court had no jurisdiction, because the amount of the lien of the plaintiff exceeded two hundred dollars, and therefore the action should have been brought in the District Court, which it is urged has exclusive jurisdiction of actions where the amount exceeds two hundred dollars, by the provisions of the Constitution.  This objection is not tenable.  This is not an action for the recovery of a sum of money, but a special statutory proceeding, in the nature of a proceeding *in rem* against the property alone, to subject it to the payment of the liens authorized by the statute; and under it no personal money judgment can be rendered against the owner of the property, but such judgment can only be recovered in some other Court of competent jurisdiction.  (*McNeil* v. *Borland*, 23 Cal. 144.)

The next point raised by the appellants is, that the action was not commenced within the time required by the statute, and therefore the holders of the mechanics' liens were not entitled to any judgment.  This objection is founded upon the fact that no summons was issued therein against the defendant, Stow, the owner of the road, or any other person.  Sec. 6 of the Mechanics' Lien Law provides, that no lien provided for by the statute shall bind the property " for a longer period than six months after filing the same, unless suit be brought in a proper Court within that time to enforce the same."  Sec. 22 of the Practice Act provides that, " civil actions in the District Courts and the County Courts shall be commenced by the filing of a complaint with the Clerk of the Court in which the action is brought, *and issuing of a summons thereon.*"  It has been held by this Court, that actions under the Mechanics' Lien Law must be commenced by the filing of the complaint, and the issuing of the summons thereon, within the six months prescribed by the statute; and if the summons is not issued within the time, the lien is lost, even though the complaint be filed within the time.  (*Flandreau* v. *White*, 18 Cal. 639; *Green* v. *Jackson Water Co.*, 10 Id. 374.)

But these cases were decided under statutes very different from the one under which the present action was brought. In the case of *Green* v. *Jackson*, the statutes under which the lien was claimed, provided that the lien might be enforced " by suit in any Court of competent jurisdiction, etc., and at the time of filing the complaint, *and issuing summons*, the plaintiff shall make publication," etc. (Stat. 1855, 158, Sec. 8.) In *Flandreau* v. *White*, the statute was slightly changed, it providing that the liens might be enforced " by suit in any Court of competent jurisdiction, on setting forth in the complaint," etc. ; and there is no special direction about issuing a summons. (Wood's Dig. 538, Sec. 7.) But the Act of 1861 (Stat. 1861, 495), changes the character of the proceedings entirely, by providing that the liens may be enforced in the County Court, by any lienholder upon his filing a *petition*, upon the filing of which the Clerk is directed to issue a notice, which is to be published as therein required. The proceeding, under this amendment to the Lien Law, is no longer an action, but a special proceeding. No complaint is filed, or summons issued under it, as is in actions proper ; but a petition is filed, and notice published in lieu thereof. This change in the statute requires a different rule of construction upon this point ; and we think it clear that the " suit " which is required to be brought within six months after the filing of the lien in the Recorder's office, or the expiration of the credit, is properly " brought " when the *petition* is filed and the *notice* is issued by the Clerk, as required by the amendment of 1861. The petition was filed and notice was issued in this case within the time, and it follows that this objection is not well taken.

It is urged by the respondent that the intervenor, having only a mortgage lien, and not claiming any lien under the statute, had no right to intervene in the action. In the case of *Whitney* v. *Higgins* (10 Cal. 551) it was held by the Court, that all persons interested in the premises, prior to a suit brought to enforce a mechanic's lien, whether purchasers or incumbrancers, must be made parties to the suit, otherwise their rights would not be affected.

But under the change of the statute this rule has no proper application to the present form of proceeding. The " lienholders,"

mentioned in the amendment of 1861, to Sec. 7, properly include only such persons as hold the kind and character of the liens provided for and authorized to be enforced by the special proceedings there laid down.    Any other construction would draw within the jurisdiction of the County Court, in a special proceeding of this kind, the determination and enforcement of all kinds of liens upon the property, by mortgage, judgment, or otherwise, and thus a mortgage might be substantially foreclosed in those Courts in such cases, by simply making the holder of the mortgage a party, or by his coming in as an intervenor.    It is evident that the Legislature never intended to establish any such rule, and never intended to give such an extended significance to the term " lienholder."    It is true, that a decree for the sale of property under these proceedings will not affect the rights of the holders of any other kinds of liens, and that great difficulties must thus necessarily arise as to the rights of the purchasers under such decrees; yet these difficulties arise from the fact that the Legislature has conferred jurisdiction over a most important class of cases, affecting the title to real estate, upon a Court of limited powers and jurisdiction, utterly unable in consequence thereof to fully adjudicate the rights and claims of different classes of lienholders or claimants of the title, so that a sale under its decree will not settle the title, but often result in merely laying the foundation for other lawsuits.    By transferring jurisdiction of such cases to the District Court—a Court with full and ample powers—these difficulties might be avoided.    That, however, is a matter for the Legislature, and not for this Court to act upon.    It follows, however, that the objection of the respondent is well taken, and that the mortgagee, Grimm, had no right to intervene in the case.

Under the view we have taken of this case, the judgment of the Court below is correct, and it is therefore affirmed.

On petition for rehearing, SAWYER, J. delivered the opinion of the Court—SANDERSON, C. J., SHAFTER, J., and RHODES, J. concurring.

We are satisfied, upon examination of the record, that Grimm, the intervenor, had no right, as mortgagee, to intervene in the pro-

ceeding in the Court below, for the reasons stated in the opinion of Justice CROCKER.

Upon this ground the petition for rehearing is denied.