HENRY BLYTHE et al., Respondents, v. A. E. HAMMOND
et al., and MEYERBACK et al., Interveners.

No. 1345; December 23, 1868.

**Mechanics' Lien—Attachment Lien by Intervener.**—In a pro-
ceeding to establish mechanics' and other liens, an attachment lien
claim set up by an intervener's petition cannot be considered on
appeal, if the evidence, as found in the record, fails to show any writ
of attachment ever to have been issued or served in such a manner
as to create a lien on the fund.

**Mechanics' Lien—Attachment Lien.**—In a Proceeding to Estab-
lish mechanics' and other liens, an attachment lien claim on the fund,
set up for the first time at the trial before the referee and not men-
tioned in any petition by claimant in the cause, is properly rejected.

APPEAL from Fifteenth Judicial District, San Francisco
County.

E. B. Mastick and J. C. Cary for respondents; James Mc-
Cabe for Interveners.

SPRAGUE, J.—The record discloses no error prejudicial
to appellants, as each of appellants, except Phelan, by his
petition of intervention and answer, claims a mechanic's lien
only, and on the trial each failed to establish the same.
Meyerback's offer to establish on the trial before the referee
an attachment lien upon the fund due from the employer to
the contractor was properly rejected as no such claim was set
up in his petition. Phelan's intervention sets up a claim upon
the fund due the contractor from the employer by virtue of
an attachment lien, but his evidence, as found in the record,
fails to show that any writ of attachment was ever properly
issued or served in a manner to create a lien upon such fund.

Appellants, therefore, having failed to establish a valid lien
upon the structure or money due from the owner to the orig-
inal contractor, are not either of them in a position, as dis-
closed by the record, to be injuriously affected by the decree
in favor of Blythe and Wetherbee.

If the interveners had any valid attachment liens upon the
money due from the owner to the original contractor we can
perceive no rational objection to an assertion of the same by

proper petition of intervention in this proceeding as against plaintiffs or any other parties to the suit claiming an interest in the fund. Although this is a statutory proceeding, it is in the nature of a chancery proceeding in a court of general jurisdiction, hence the reasoning of the court in Van Winkle v. Stow, 23 Cal. 457, does not apply. That was a special proceeding in the county court under the mechanic's lien law of 1861. This is a proceeding in the district court under the statute of 1862. With such an assertion of interest in the fund due the original contractor sustained by evidence, the interveners, appellants, in this case would have occupied a position to contest the validity of plaintiff's claim to any portion of the same as against them. But the record failing to place either of the appellants in that position, an examination of their objections to the validity of plaintiff's lien, however well taken, would result in no benefit to them.

Judgment affirmed.

We concur: Crockett, J.; Rhodes, J.

SAWYER, C. J.—I concur in the judgment on the grounds stated in the opinion of my associate. But as it is not necessary to the decision, I neither express nor intimate an opinion, as to whether a creditor of the contractor, who has attached in the hands of the owner the money due the contractor, is entitled to intervene in an action brought by a subcontractor to enforce a mechanic's lien to the extent of the contract price unpaid.