(22 App. Div. 616.)

## PEOPLE v. BURNHAM.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

SPECIAL COUNTY JUDGE—POWER TO ALLOW APPEAL.

    Code Cr. Proc. §§ 749, 751, 752, provide that a judgment of conviction by a court of special sessions may be reviewed by the court of sessions of the county, as prescribed by "this title, and not otherwise"; that defendant must present an affidavit showing the alleged errors to the county judge; and that if, in the opinion of the judge, it is proper that the question should be decided by the court of sessions, he must indorse on the affidavit an allowance of the appeal to that court. *Held* not to deprive a special county judge of St. Lawrence county of the power to

allow an appeal given him by Laws 1849, p. 437, c. 306, as amended by Laws 1851, p. 192, c. 108, § 2, providing that special county judges in the county of St. Lawrence, and other specified counties, "shall possess all the powers and perform all the duties which are possessed and can be performed by a county judge out of court," passed pursuant to Const. art. 6, § 16.

Appeal from St. Lawrence county court.

Fred W. Burnham was convicted in the court of special sessions in and for the village of Gouverneur of petit larceny, and the special county judge of St. Lawrence county allowed an appeal from the judgment to the court of sessions of said county. From an order of the county court of such county dismissing the appeal on the ground that the special county judge had no power to allow the same, Burnham appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Joseph George, for appellant.

L. P. Hale, Dist. Atty., for the People.

LANDON, J. We think the special county judge had power to allow the appeal. Laws 1849, p. 437, c. 306, as amended by Laws 1851, p. 192, c. 108, § 2, provides that special county judges in the county of St. Lawrence, and the other counties specified in the act, "shall possess all the powers and perform all the duties which are possessed and can be performed by a county judge out of court." This act was framed in pursuance of section 16, art. 6, of the constitution. It has not been expressly repealed, and we do not think that the subsequent legislation respecting appeals from judgments of special sessions should be construed as depriving the special county judge of this power. Section 749 of the Code of Criminal Procedure provides that a judgment of conviction rendered by a court of special sessions "may be reviewed by the court of sessions of the county upon appeal as prescribed by this title, and not otherwise." Section 751 provides that the defendant must present an affidavit showing, among other things, the alleged errors, "to the county judge"; and section 752 provides that, "if in the opinion of the judge it is proper that the question arising on the appeal should be decided by the court of sessions, he must endorse on the affidavit an allowance of the appeal to that court." This is a power to be exercised out of court, and is thus vested in the special county judge. The "not otherwise" of section 749 was probably intended as emphasizing the repeal of the method of review by certiorari, which the method by appeal superseded. The article "the," in the expression "the county judge," in section 751, does not strike us as emphatic. Cases in which the scope of the powers of the special county judge have been considered show no tendency to give a narrow construction to the statute which confers them. People v. Main, 20 N. Y. 434; Seymour v. Mercer, 13 How. Prac. 564; Thrasher v. Bentley, 59 N. Y. 649.

The order of the county court is reversed, and the appeal of the defendant reinstated. All concur.