[No. 11028.   Department Two. — August 22, 1885.]

J. S. WIXSON, APPELLANT, v. THOMAS DEVINE, RESPONDENT.

EVIDENCE — OPINION OF JUDGE. — A paper which purports to be the opinion of the judge in a former action between the same parties, but is not signed by the judge or authenticated in any way, is not admissible in evidence in connection with the judgment roll in that action.

FORMER ADJUDICATION — JUDGMENT RECORD. — A judicial record is not conclusive as to the truth of any allegations which were not material and traversable; but as to all those which were material and traversable, the judgment is conclusive between the same parties upon the same matter.

ID. — Upon comparison of the judgment roll in the former action with the pleadings in this, *held*, that the same identical question was involved and was finally determined in the former action, and should not again be litigated between the same parties.

ID. — PLEADING. — A former recovery by the plaintiff operates by way of estoppel on the defendant, and cannot properly be pleaded.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order refusing a new trial.

The facts are stated in the opinion.

*S. B. Davidson*, and *M. Farley*, for Appellant.

The judgment in the former action was conclusive. (*Phelan* v. *Gardner*, 43 Cal. 307; *Kidd* v. *Laird*, 15 Cal. 163; 76 Am. Dec. 472; *McDonald* v. *Bear River*, 15 Cal. 145; *McLaughlin* v. *Kelly*, 22 Cal. 222; *Hamm* v. *Arnold*, 23 Cal. 375; *People* v. *Frank*, 28 Cal. 516; *Jackson* v. *Lodge*, 36 Cal. 37; *Caperton* v. *Schmidt*, 26 Cal. 493; *People* v. *Supervisors*, 27 Cal. 675; *Garwood* v. *Garwood*, 29 Cal. 521; *Gray* v. *Dougherty*, 25 Cal. 272; *Swink* v. *Thurston*, 47 Cal. 30; Freeman on Judgments, § 1.)

*Van Clief & Wehe*, for Respondent.

SEARLS, C. — The action is brought for the alleged wrongful

diversion of water, to the use of which plaintiff claimed the right, and for a perpetual injunction.

Cause tried by a jury; verdict for defendant. Plaintiff moved for a new trial which was denied, and the appeal is from final judgment and order overruling motion for new trial.

The record is wanting in clearness as to the precise time and point in the proceedings at which some of the objections were made and exceptions taken. It is not claimed for the two bills of exceptions set out in the statement on motion for new trial that they were served and settled as required by the Code, but that having been prepared they were included in the statement on the motion for a new trial, and it is as a part of such statement, and not as bills of exceptions, that they will be treated.

At the trial plaintiff offered in evidence the judgment roll in *Wixson* v. *Devine and Wife,* and a paper purporting to be the opinion of the judge who tried the cause of which the judgment roll is the record, but which opinion was not signed by the judge, or in any way authenticated so as to entitle it to be received as evidence.

The court admitted the judgment roll in evidence, and very properly excluded the so-called opinion of the judge. ( *Wilson* v. *Wilson,* 64 Cal. 92; *McClory* v. *McClory,* 38 Cal. 575; *Hidden* v. *Jordan,* 28 Cal. 305.)

After the judgment roll in *Wixson* v. *Devine and Wife* was in evidence, the defendant under objection introduced testimony tending to show that the water restrained by plaintiff's dam and claimed by the latter, would, but for the dam, flow down a ravine, and by percolation or by subterranean channel find its way to a spring owned by the defendant, and claimed to be supplied by the water in question.

Plaintiff moved to strike out this testimony which was refused by the court, and the refusal is assigned as error.

The judgment roll shows that in June, 1883, J. S. Wixson, the plaintiff, brought suit against Thos. Devine, the defendant in the case, and Honora Devine his wife. The complaint avers plaintiff to be seized and possessed of a certain dam in Kentucky Ravine, together with the usufructory first right to the use of twenty-five inches of water of said ravine, for irrigating, farming, culinary, and domestic purposes, and that the said

waters, by means of a flume and ditch, are conducted to plaintiff's residence and there used, etc.

That on or about April 21, 1883, Honora Devine, one of the defendants, tore away and removed the plaintiff's said dam and diverted the said waters of said ravine from plaintiff's flume and ditch, and wholly prevented said twenty-five inches of water from flowing to plaintiff's residence, etc., whereby plaintiff was deprived of the use thereof, and his flume left to dry, etc., and claims damages in the sum of $300.

The complaint further avers a repetition of the alleged wrongful acts, shows the necessity of the water to plaintiff, and contains apt allegations as to the insolvency of defendants and the propriety of a temporary injunction, and prays for damages and a perpetual injunction.

Defendants answered denying that plaintiff ever was seized or possessed of or entitled to the possession of the dam described in the complaint, or that he was entitled to, or possessed or seized of the usufructory first right to any water of said ravine for any purpose.

They admit plaintiff built a flume and ditch to divert said water from said ravine, but aver that he did so wrongfully, and had no right so to do.

They deny breaking a dam, but admit removing obstructions from this ravine, which prevented the natural and rightful flow of the waters as they had a right to do. They further deny all damage to plaintiff.

Defendants, after answering the allegations upon which a prayer for injunction is based, proceed to claim a prescriptive right to the water by an adverse use by themselves and grantors for twenty years.

As a further separate answer, the defendants claim ownership of all the water of Kentucky Ravine by virtue of a location and appropriation thereof in 1879, and of continuous use and possession since that date.

The cause was tried by the court without a jury, findings were waived, and on the 11th day of September, 1883, judgment was rendered in favor of plaintiff and against defendants therein for one dollar damages, costs taxed at $81.60, and granting a perpetual injunction restraining defendants from interfer-

ing with plaintiff's dam at the head of his flume, or his flume
or ditch, "or from interfering with or turning out any waters
from Kentucky Ravine after said waters shall have reached
plaintiff's dam, so long as the quantity shall not exceed twenty-
five inches," etc.

The issue as to the right to have and use twenty-five inches
of the water of Kentucky Ravine was clearly made by the plead-
ings, and as a result of the trial plaintiff had judgment.

The judgment was rendered upon the merits, was between
the parties to this action, and related to the same subject-matter.

The right to use twenty-five inches of water from Kentucky
Ravine was an element essential to a recovery by plaintiff in the
former action. It was not a matter coming collaterally in ques-
tion, or incidentally cognizable in the case, but formed the basis
of his action. If such ownership or right to the water did not
exist in plaintiff, he could not under the pleadings be entitled to
recover.

It was the very point in issue and was determined in the cause.
The dam described in the complaint, and which one of the defend-
ants was charged with destroying, was but a means to an end;
the water was the essential thing to be enjoyed, and the dam was
but the instrumentality for securing it. Some stress seems to be
laid upon the fact that the perpetual injunction forming a part
of the final judgment only restrains defendants from interference
with plaintiff's dam at the head of his flume, and with his flume
and ditch, and "from interfering with or turning out any waters
from Kentucky Ravine, after said waters shall have reached
plaintiff's dam, so long as the quantity reaching said dam shall
not exceed twenty-five inches," etc. The prayer of the com-
plaint in that respect was that defendants be restrained from
interfering with the dam or diverting the said waters therefrom,
or from said flume or ditch.

The relief awarded follows substantially the prayer, and is as
broad as, technically considered, plaintiff was entitled to. We
should, however, look beyond the injunction to the general scope
and effect of the judgment.

The paramount object of the action as gathered from the
pleadings was to determine the right to twenty-five inches of
water of Kentucky Ravine at plaintiff's dam or point of diver-

sion, and the judgment in his favor for one dollar in damages could not properly be entered until the right was determined in his favor.

If defendants were entitled to the water of Kentucky Ravine, the dam of plaintiff which prevented its flow was an obstacle to their enjoyment; was a nuisance which they had a right to abate, and in the answer they substantially admit removing it, and claim the right so to do.

There should be a limit to litigation. The same cause of action ought not to be brought twice to a final determination. Justice is promoted by having every cause once fairly and impartially tried; but once so tried justice is satisfied, and public tranquility demands that all litigation of that question and between those parties should be closed forever. If error has crept into the proceedings, provision is made for correcting such error by an applications for a rehearing or by appeal. Failing in this, the best interests of society are promoted by treating the judgment as imparting absolute verity, and as conclusive between the parties and privies of every material question directly in issue and necessary to the determination. (Greenleaf on Evidence, § 522.)

A record is not conclusive as to the truth of any allegations which were not material and traversable, but as to things material and traversable it is conclusive and final.

And as to questions thus essential and thus determined, the judgment is as a plea in bar or as evidence conclusive between the same parties upon the same matter everywhere.

A comparison of the judgment roll in the former cause, with the pleadings in this, satisfies us that the same identical question, viz., the right of plaintiff to have and divert twenty-five inches of water from Kentucky Ravine at his dam on said ravine was a material question in issue and essential to the determination of each of said causes, that such question was finally determined in the former cause, and should not again be litigated between the same parties.

It was not necessary or proper for plaintiff to plead his former recovery. It operated by way of estoppel to the defense set up by the defendant, and as we have in our system of pleadings no replication to the answer, the estoppel could not properly be

pleaded. (*Clink* v. *Thurston*, 47 Cal. 30; *Flandreau* v. *Downey*, 23 Cal. 358.)

The record of the judgment introduced in evidence precludes the defendant from setting up any right to twenty-five inches of water in Kentucky Ravine, at the point of plaintiff's diversion or at any point above, so as to interfere with his enjoyment thereof at his dam and ditch.

We are of opinion therefore that the testimony offered by defendant and objected to by plaintiff, and which he afterward moved to strike out, was improper as tending to open anew a question previously determined by a final judgment between the same parties in a court of competent jurisdiction.

If, however, on another trial the plaintiff under his complaint shall claim a quantity of water in excess of twenty-five inches, measured as in said complaint prescribed, viz., under a four-inch pressure, as possibly under his pleading he may do, then and in that event the testimony offered will become competent in the determination of the right to such excess only.

The judgment and order should be reversed and a new trial ordered.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.

Hearing in Bank denied.