[L. A. No. 110. In Bank.—December 6, 1897.]

MARY M. SMITH, Respondent, v. NELSON SMITH, Appellant.

MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—ERRORS OF LAW—SPECIFICATIONS.—Where a motion for a new trial is based upon a bill of exceptions no specifications of errors of law are required, in order to secure their consideration by the trial court or by the appellate court.

ID.—REVIEW UPON APPEAL—ERRORS WITHOUT PREJUDICE.—A judgment will not be reversed for mere technical errors of law, which are of too little consequence to be substantially prejudicial.

DIVORCE—EXTREME CRUELTY—GRIEVOUS MENTAL SUFFERING—ANNOYING CONDUCT—VILE EPITHETS—IMPAIRMENT OF HEALTH—PLEADING—FINDINGS—SUFFICIENCY OF EVIDENCE.—In an action for divorce upon the ground of extreme cruelty of the defendant in causing grievous mental suffering to the plaintiff, by an annoying course of conduct, and by the use of vile and indecent epithets, and charges of unchastity, it is not necessary to allege or show that impairment of health resulted from the conduct of the defendant toward the plaintiff; and where there was evidence tending to sustain the allegations of the com-

plaint as to the acts and probative facts of cruelty causing the grievous mental suffering alleged, and the court found that they were committed by the defendant, and that defendant, by his conduct, willfully inflicted upon plaintiff grievous mental pain and suffering, "thereby greatly impairing her health," the finding as to the impairment of plaintiff's health is unnecessary, and it is immaterial whether that part of the finding was or was not justified by the evidence.

ID.—CONDONATION OF CRUELTY—QUESTION OF FACT—FINDING.—Whether a cruel and offensive course of conduct has been condoned is a question of fact; and a finding that the acts of cruelty committed by the defendant have never been condoned by the plaintiff is a finding of fact, and not of a conclusion of law; and it is unnecessary and improper that the finding should set forth any acts or declarations bearing as evidence upon the fact of condonation.

ID.—EXPRESS AGREEMENT TO CONDONE REQUIRED—MERE COHABITATION AND RESTORATION TO MARITAL RIGHTS INSUFFICIENT.—Under section 118 of the Civil Code, a course of offensive or cruel conduct constituting a cause of divorce, cannot be condoned by mere cohabitation, or passive endurance, or conjugal kindness, unless accompanied by an express agreement to condone; and an answer alleging that the plaintiff freely cohabited with the defendant, and restored him to his marital rights, without alleging that these acts were accompanied by an express agreement to condone, does not raise an issue of condonation.

ID.—CONCLUSIONS OF LAW.—It is not necessary to insert in the conclusions of law in an action for divorce on the ground of extreme cruelty that defendant has been guilty of extreme cruelty toward plaintiff, or that plaintiff has not been guilty of extreme cruelty toward the defendant, or that plaintiff has never condoned the acts of extreme cruelty on the part of the defendant; but it is sufficient to state as a general conclusion of law that plaintiff is entitled to a decree dissolving the bonds of matrimony heretofore existing between the plaintiff and the defendant, and decreeing plaintiff and defendant each to be forever absolutely released from the bonds of matrimony and all the obligations arising therefrom, with such other specific conclusions as relate to the custody of the children, the division of the community property, etc.

ID.—INSUFFICIENT RECRIMINATION—OMISSION TO FIND IMMATERIAL.—When the facts averred by way of recrimination in the answer of the defendant are insufficient to authorize or justify a decree of divorce in his favor, if he had sued thereupon, and the evidence fails to disclose such facts as would justify the conclusion that they constituted extreme cruelty on the part of the plaintiff, as defined by the Civil Code, the omission to find upon the recriminatory matter in the answer is immaterial, and is not ground for reversal.

ID.—CORROBORATION OF PLAINTIFF'S TESTIMONY.—The principal object of the rule requiring corroboration of the evidence of the plaintiff is to prevent collusion; and where it is clear that there is no collusion

and the defendant's testimony, though conflicting with that of the plaintiff in many of its details, in the more important matters was corroborative of the plaintiff's testimony, which was also corroborated in certain respects by other testimony, the corroboration is sufficient.

ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—LETTER FROM PLAINTIFF—CONDONATION—INSUFFICIENT SHOWING.—Alleged newly discovered evidence of a letter from the plaintiff to the defendant, claimed to be evidence of condonation, a copy of which was proved at the trial to be in the possession of plaintiff, and of which defendant might then have requested the production, and, if not produced, might have applied for postponement of the trial for a reasonable time to enable him to find the original, is not ground for a new trial, and especially not where it appears that the letter, at most, was only evidence of conjugal kindness, and did not tend to show an express agreement to condone the offensive course of conduct of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. McKinley, Judge.

The facts are stated in the opinion rendered in Department Two.

Isidore B. Dockweiler, and J. Brousseau, for Appellant.

J. G. Rossiter, for Respondent.

McFARLAND, J.—When this case was in Department the judgment and order appealed from were affirmed upon an opinion prepared by Mr. Commissioner Haynes. After further consideration, we are satisfied with the conclusion there reached, and with the opinion then delivered as to the points therein discussed. But the appeal was inadvertently considered as though the motion for a new trial had been based upon a statement of the case, and certain rulings as to the admissibility of evidence were not considered because not included in the specifications of errors. As a fact, however, the part of the transcript which contains the evidence and rulings, although substantially a statement, is designated as a "bill of exceptions," and in such case, under the code and former decisions, no specifications of errors of law are required. When this inadvertence was called to the attention of the court by the appellant, in a petition for a

hearing in Bank, the petition was granted. Counsel for appellant were, therefore, not in fault in not specifying the alleged errors. The only additional questions to be considered are whether or not the court below committed a reversible error in either of the rulings referred to in points "third," "fourth," "fifth," "sixth," "seventh," "eighth," "ninth" and "tenth" of appellant's opening brief. The case was tried by the court sitting without a jury. We have examined the alleged errors complained of in the points above mentioned, and we do not consider it necessary to discuss them in detail. Most of the rulings complained of were correct; and if any of them could be considered as technically erroneous they are of too little consequence to be in any substantial sense prejudicial errors which would warrant a reversal of the judgment.

The judgment and order appealed from are affirmed.

Harrison, J., Van Fleet, J., Garoutte, J., and Henshaw, J., concurred.

The following is the opinion of Mr. Commissioner Haynes, approved April 30, 1897, in Department Two:

HAYNES, C.—This appeal is from a judgment of divorce granted the plaintiff, and from an order denying defendant's motion for a new trial, based upon the insufficiency of the evidence to justify certain findings and also upon an affidavit of alleged newly discovered evidence.

The notice of intention to move for a new trial also specified as one of the grounds of said motion: "Errors in law occurring at the trial and excepted to by the defendant." The statement as settled shows a large number of rulings upon the admission of evidence, which were excepted to by the defendant; but none of these rulings are specified as errors in the specifications upon which the motion for a new trial was heard, and therefore cannot be considered. (Code Civ. Proc., sec. 659; *People v. Central Pac. R. R. Co.*, 43 Cal. 398; *Bagnall v. Roach*, 76 Cal. 106; *Bohnert v. Bohnert*, 95 Cal. 445.) The fact that counsel for the respective parties discuss these various rulings in their briefs does not authorize this court to consider them. The presumption is, that they were disregarded by the court below in passing upon the

motion.   (Code Civ. Proc., sec. 659, subd. 3; *Pico v. Cohn,* 67 Cal. 258.)

The ground of divorce alleged by the plaintiff is extreme cruelty.   Defendant, in addition to denials, pleaded condonation, and by way of recrimination, but without seeking for a divorce against the plaintiff, charged that the plaintiff was guilty of extreme cruelty toward him.

The principal question made is that the third finding is not justified by the evidence.   This finding, after reciting the principal probative facts charged in the complaint, and finding that they were committed by defendant, concluded as follows: "And the court finds that defendant, by his conduct toward the plaintiff as aforesaid, did willfully inflict upon plaintiff grievous mental pain and suffering, thereby greatly impairing her health."

It is specified that the finding that plaintiff's health was greatly impaired is not justified by the evidence, and a like specification is made to the several findings of probative facts upon which is based the finding that grievous mental pain and suffering was inflicted by the defendant.

Whether plaintiff's health was impaired or not it was not necessary to find.   If it was in fact greatly impaired, and such impairment was shown to be the result of defendant's treatment, it would tend to characterize such treatment as extreme cruelty; but, in order to justify a finding of extreme cruelty, it is not necessary that such impairment of health is shown to have resulted, nor is it necessary to be alleged in the complaint. (*Barnes v. Barnes,* 95 Cal. 171.)   The sufficiency of the finding would not be affected if the words "thereby greatly impairing her health" had been omitted, and therefore we need not inquire whether the evidence justified that part of the finding.   As to the essential part of this finding, it is only necessary to say that there was evidence given by and on behalf of the plaintiff to the effect that without sufficient provocation on the part of the plaintiff, and without any reasonable grounds therefor, the defendant called plaintiff a whore, a hog, and a hypocrite, that she was untrue to him, that he accused her when she was ill of having contracted her disease by illicit intercourse with other men while she was absent visiting her parents in Illinois, it not appearing that such illness was of a character indicating such origin, and that it

was repeated after he had visited a physician with her and was told by the doctor that it was not of that character.

Defendant in his answer admitted that he did at one time charge her with having so contracted said illness, but that that was more than seven years ago. The plaintiff testified, how-ever, that it was repeated on September 12, 1893, about six weeks before this suit was commenced; that defendant then said: "I didn't believe those insinuations at the time, but because you get so excited now I believe them." It will be observed that while the defendant in his answer admitted that seven years before he did charge the plaintiff with having contracted her illness by illicit intercourse, he did not disavow a present belief in the truth of the charge.

Much of the testimony was seriously conflicting; but there was evidence, apparently credible, sufficient to support the finding of extreme cruelty, and which the trial court, charged with the duty of determining the credibility of the witnesses and the weight of the evidence, found to be true. It may here be added that the life of these parties had been unhappy for many years, and there are in the complaint several minor allegations of particular acts of alleged cruelty committed by the husband, and many of these are included in the third finding, and found to be true, and these several findings are attacked and argued by appellant. These need not be specially noticed, since if not justified by the evidence it would not affect the sufficiency of the finding in the particulars we have noticed, though we find evidence tending to sustain each of them.

It is also contended that there is no finding upon the plea of condonation tendered by the defendant. The court found that said acts of cruelty have never been condoned by the plaintiff; but this, counsel say, is only a conclusion of law. Counsel are mistaken. Whether an offense has been condoned is a question of fact. Being an operation of the mind it is evidenced by acts or declarations, but evidence of the existence of a fact has no proper place in a finding. Section 118 of the Civil Code pro-vides: "Where the cause of divorce consists of a course of offen-sive conduct, or arises in case of cruelty from successive acts of ill-treatment which may aggregately constitute the offense, co-habitation, or passive endurance, or conjugal kindness, shall not

be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone." It might be sufficient to say upon this point that, if the finding in question is a conclusion of law, the allegation which is supposed to have raised the issue is also a conclusion of law, and therefore raised no issue; for though the answer, in connection with the allegation that plaintiff "condoned said alleged charges of extreme cruelty," also alleged that she "freely cohabited with him and restored him to his marital rights," did not allege that these acts were "accompanied by an express agreement to condone," which the code makes essential.

Appellant in his brief specifies three particulars in which he claims that the findings are sufficient to support the judgment, viz.; that "the conclusions of law in said findings fail to specify: 1. That defendant has been guilty of extreme cruelty toward plaintiff; 2. That plaintiff has not been guilty of extreme cruelty toward defendant; and 3. That plaintiff has never condoned the acts of extreme cruelty on the part of the defendant.

The first conclusion of law drawn by the court from the findings is: "That plaintiff is entitled to a decree of this court dissolving the bonds of matrimony heretofore existing between the plaintiff and defendant, and decreeing plaintiff and defendant each to be forever absolutely released from the bonds of matrimony and all the obligations arising therefrom."

The remaining conclusions of law relate to the custody of the children, the division of the community property, etc.

Such conclusion of law as that above quoted was held sufficient in *Murphy v. Snyder*, 67 Cal. 451, and, it may be added, is the more common form in which conclusions of law are stated.

Again, appellant contends that the judgment should be reversed upon the ground that there are no findings upon the charges of extreme cruelty alleged against the plaintiff in defendant's recriminatory answer. Section 122 of the Civil Code is as follows: "Recrimination is a showing by defendant of any cause of divorce against the plaintiff in bar of the plaintiff's cause of divorce." In order to defeat the plaintiff's cause of action, the recriminatory answer must allege facts which, if proved, would authorize or justify a decree of divorce in his favor if he had sued therefor, and the evidence must be sufficient

to sustain such of the allegations of fact as would justify the conclusion that they constituted extreme cruelty as defined by the Civil Code.

If this answer had been presented as a complaint for divorce, and the court had found the several acts and things complained of in the language in which they are alleged, we do not think it would have justified a decree of divorce.

In *White v. White*, 82 Cal. 427, 452, the failure of the trial court to find upon the issue of extreme cruelty pleaded by the defendant in recrimination was considered. The court said: "The court is of opinion that the evidence on this issue was insufficient to have sustained or justified a finding by the court below of extreme cruelty by plaintiff to defendant. . . . . As the evidence would not have justified a finding of extreme cruelty on the part of the plaintiff, and as this court would have reversed for such a finding, as not justified by the evidence, if it had been made, it will not reverse for want of such finding and send the cause back for a finding upon such issue."

That on one occasion the plaintiff, under provocation, said: "I don't love you!" whilst always before protesting that she loved him; that concerning the allegation that she had instructed their children that her authority was paramount, the controversy was, in substance, that she wished to educate them in her religious belief, which was different from his. He testified that "one day she came and sat down by my side and threw her arms round my neck and said, 'Nelson, do let me teach the children the Christian religion, and let us get along together.' I couldn't refuse under those circumstances, and I said, 'All right, if we can get along together I will give up that point,'" and that, while it was still a subject of discussion between them, it was almost entirely dropped during the last two years. Nowhere in his evidence did he make the broad assertion charged in his answer. Concerning the allegation that she had refused to cohabit with him, "ever since the twenty-sixth day of October, 1893," it is sufficient to say that the complaint in this action was filed the next day after the date mentioned; nor are any instances of the display of temper or passion given, either in said answer or in the evidence, which would be sufficient to support a finding of extreme cruelty. The allegations that plaintiff is extravagant

and lazy, and neglected her necessary housework, are negatived in the findings.

A point made by appellant, that should have been noticed in another connection, is that plaintiff's testimony relative to the acts of the defendant, which are alleged to constitute cruelty, is not corroborated.

As to what constitutes corroborating evidence in suits for divorce, see *Evans v. Evans,* 41 Cal. 103, 108. It is sufficient to say that defendant's testimony, while conflicting with that of the plaintiff in many of the details, yet in the more important matters was corroborative of the plaintiff's testimony. Other testimony might also be referred to. The principal object of the rule is to prevent collusion, and in this case it is clear there is no collusion.

In support of his motion for a new trial defendant read his affidavit, in which was set out a copy of a letter written to him by the plaintiff which reads as follows:

"At Home, Oct. 2d, '93.

"Dear Husband: Henry handed me your note this morning; on opening it I discovered a check for $5 as a present for my birthday. Please accept thanks for same, also for your kind wishes. Please accept my best wishes for your future as well.

"With love I am yours,

"MOLLIE."

It is contended that this letter proves that the husband's acts of cruelty were condoned, and that a new trial should have been granted because of this newly discovered evidence.

The affidavit is "that before and at the trial of the action he searched for and endeavored to find the letters and correspondence between plaintiff and defendant, for the purpose of using them at said trial as evidence therein; that since the said trial I have unexpectedly found a letter," etc., setting out the above quoted letter.

Upon cross-examination, plaintiff testified that she kept copies of all the letters she wrote to the defendant, and had them then.

If the defendant had been unable to find letters he desired to use in evidence, upon being informed that plaintiff had copies of them he should have requested the production of this letter, and if it was not produced he could properly apply to the court for a postponement of the trial for a reasonable time to enable

him to find it. But if it had been produced it was insufficient to prove condonation, since it does not show "an express agreement to condone," as required by section 118 of the Civil Code. At most it was only evidence of "conjugal kindness."

The judgment and order appealed from should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

　　　　　　　　　McFarland, J., Temple, J., Henshaw, J.