[S. F. No. 1309.   Department One.—February 10, 1900.]

HENRY SUNKLER, Appellant, v. GEORGE S. McKENZIE,
Respondent.

INSOLVENCY — ORDER RELATING TO CROP UPON HOMESTEAD—APPEAL—
RES ADJUDICATA—ACTION FOR VALUE OF CROP—ASSIGNEE SUED INDI-
VIDUALLY.—An order denying the right of an insolvent debtor to
the proceeds of a grape crop grown upon land claimed by him
as a homestead, and affirming the right of the assignee thereto,
is appealable; and, upon failure to appeal therefrom within the
time limited, it becomes *res adjudicata*, and is a bar to an action
brought by the claimant of the land to recover the value of the
crop against the assignee in his individual capacity.

ID.—IDENTITY OF ACTION AND PARTIES.—The final determination of a
substantial matter of right upon a motion or petition upon
which the interested parties have a right to be heard, is *res ad-
judicata*, where the same subject matter is sought to be litigated
in an independent action; and the substantial identity of the
two proceedings cannot be affected or destroyed by the fact that
an assignee in insolvency was a party to the motion or petition
for a fund held by the assignee in his official capacity, and is
sued in the action, in his individual capacity, in relation to the
same subject matter.

APPEAL from a judgment of the Superior Court of Napa
County and from an order denying a new trial.   E. D. Ham,
Judge.

The facts are stated in the opinion of the court.

W. H. Barrows, for Appellant.

C. J. Beerstecher, for Respondent.

CHIPMAN, C.—Action to recover the value of a certain crop
of grapes grown upon land claimed by plaintiff to be a home-
stead.   On June 19, 1895, plaintiff recorded his declaration of
homestead upon certain farm land in Napa county; June 28th
he was adjudged insolvent upon his own petition; August 19th
he petitioned to have a homestead set apart to him in the insol-
vency proceedings; on September 23d the petition was heard and
the court found that the premises were of greater value than
five thousand dollars, and that Sunkler was entitled to have a

homestead set apart to him of value no greater than five thousand dollars; and three appraisers were appointed to appraise and admeasure the premises; that they made report November 26th, setting apart certain two hundred acres, including the dwelling, valued by them at five thousand dollars, but "the crop had been removed and did not enter as a factor in such valuation"; and on December 30th the court entered its decree confirming said report, "awarding and setting apart to said insolvent, as a homestead, the land and premises thus admeasured"; that on June 28th aforesaid "a crop of grapes had just formed and commenced to grow on the grape vines then growing on said homestead property"; that they thereafter grew and matured about September 28th; that on September 13th, and "while said proceedings were pending to set aside the homestead above recited, an order was made by the . . . . court, in the matter of said . . . . insolvency," directing the assignee therein (defendant in this action) to sell all the grapes growing on said land, pursuant to which he sold the crop, realizing six hundred dollars for the grapes grown on the portion of the land awarded Sunkler as a homestead. The court made the following finding:

"That on the eleventh day of January, 1896, plaintiff, said insolvent, filed in said court and matter his petition praying that said assignee be directed to pay over to petitioner said sum of six hundred dollars, in which petition the plaintiff submitted to the court all the matters and things in his complaint herein set out, and sought an adjudication of the rights and all thereof in this action asserted by him. An answer was filed therein by the assignee objecting to the making of such an order, and said matter was duly set for hearing, the respective counsel appearing therein, whereupon testimony, oral and documentary, was offered by the respective parties and the merits of said cause were fully argued and considered, and the cause submitted on briefs to be filed. Thereafter, and on March 7, 1896, the court made and rendered its decision therein, finding upon all the issues framed by such petition and answer thereto, and adjudging that petitioner was not entitled to recover said sum or any part thereof. Judgment was thereupon entered accordingly, and thereafter and on the fifteenth day of April, 1896, written

notice of such decision was duly served by defendant's attorney on the attorney for plaintiff, and no exception to or appeal from said decision or judgment was ever taken, nor has the same been sought to be modified or set aside, but still stands as made and entered in said matter."

After the insolvent had failed to recover upon his petition in the insolvency proceeding he commenced this independent action in which judgment went against him, and hence this appeal from the order denying his motion for a new trial and from the judgment.

Section 64 of the Insolvency Act of 1895 provides that: "It shall be the duty of the court having jurisdiction of the proceedings to exempt and set apart, for the use and benefit of said insolvent, such real and personal property as is exempt from execution," and the section provides that there shall be notice of the hearing of the application. Section 71 of the act provides that an appeal may be taken to the supreme court: "5. From an order against or in favor of setting apart homestead or other property claimed as exempt from execution." Appellant claims that the judgment entered denying his petition of January 11, 1896, and adjudging that the funds in the assignee's hands belonged to the creditors of the insolvent, was merely an interlocutory order made upon motion, and that he was not precluded thereby from bringing a separate action to recover the property. Mr. Freeman says: "The tendency of the recent adjudications is to inquire whether an issue or question has been in fact presented for decision and necessarily decided, and, if so, to treat it as *res judicata,* though the decision is the determination of a motion or summary proceeding, and not an independent action. This is especially true when the decision did not involve a mere question of the proper form or time of proceeding, but was the determination of a substantial matter of right, upon which the parties interested had a right to be heard upon issues of law or fact or both, and these issues, or some of them, were necessarily decided by the court as the basis of the order which it finally entered granting or denying the relief sought." (Freeman on Judgments, sec. 326, and cases cited.)

Appellant concedes that the court had the power to give or

withhold the relief sought at its pleasure, but he contends that
the order was not final nor appealable, and therefore was not a
bar to this action.   Some of the cases place importance upon
the fact that the order is appealable where it is pleaded in bar.
If the statute did not make the order in the present case one
from which an appeal may be taken, a different question might
arise, upon which we express no opinion.   But we think the
order here was appealable.   The relief asked by the insolvent
in his petition rested on the claim that the property was exempt
from execution; it could have no other foundation, and the
court must have so regarded the issues, for it found that the
money was not exempt.   The subject matter of the petition
was identical with that in controversy here; the parties were
the same and in the same right, and the petition was presented
to a court of competent jurisdiction.   The fact that defendant
here was not sued in his capacity as assignee can make no differ-
ence.   He held the money in that capacity and defended in that
capacity, and the identity of the two actions cannot be destroyed
by making him a defendant in the present action in his individ-
ual capacity.   The identities demanded by the law to make the
matter *res judicata* were fully supplied.   (Freeman on Judg-
ments, sec. 252.)   It is familiar law, as well as manifest justice,
that a man should not be vexed twice with the same litigation.
This rule is not without its exceptions.   But when, as here, a
question has once been fully litigated and every opportunity
given to either party to present his case and to have any sup-
posed errors in the lower court corrected by review in the high-
est court, it would be an abuse of the rights of a litigant to com-
pel him to enter upon a second trial of the same question.   In
this case the insolvent presented a formal petition in writing, in
the proceeding which he himself had instituted; the assignee
answered; the cause was tried upon evidence submitted, docu-
mentary and oral; the case was argued upon briefs and sub-
mitted for decision; the court made full findings and entered
judgment thereon, and no steps were taken to renew the motion
to set aside or vacate the judgment or appeal therefrom.   This
judgment, in our opinion, became an adjudication of the matter
in controversy and final as to the facts then litigated.   (See the
subject discussed and the cases cited in *Commissioners etc. v. Mc-
Intosh,* 30 Kan. 234.)

It becomes immaterial whether the court erred in finding that plaintiff did not reside upon the premises when he filed his declaration of homestead, and it is also immaterial by what right he claimed the proceeds of the grapes as property exempt from execution.   Whatever was the basis of his right, the right itself was litigated and the judgment is a bar to the present action.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.