[Civ. No. 2106.   Third Appellate District.—March 10, 1920.]

## CHARLES STANSBURY, Respondent, v. JAMES L. FRAZER et al., Appellants.

[1] PUBLIC WORK—ASSIGNMENT OF CONTRACT—SERVICE OF WITHHOLD NOTICE—EQUITABLE GARNISHMENT.—One who has furnished teams, tools, and other appliances for use in connection with the construction of a county highway and who has served the notice to withhold upon the county, as prescribed by section 1184 of the Code of Civil Procedure, effects an equitable garnishment of the balance of the bonds remaining in the hands of the county treasurer which the county promised to issue for the work, as provided in the Road District Improvement Act of 1907, notwithstanding the contractor had assigned his contract to another who financed the work in consideration of his receiving a certain portion of the proceeds.

[2] ID.—PERFORMANCE OF WORK AS SUBCONTRACTOR—RIGHT OF MATERIALMAN TO GARNISHMENT.—In such case, the person furnishing such teams, tools, and other appliances, upon the giving of

said notice, effected a garnishment of the balance of said bonds, whether the work was performed by the original contractor as such or as a subcontractor under his assignee.

[3] JUDGMENT—PLEADING OF BAR.—The plaintiff is not required to plead a former judgment in bar of a defense set up by the defendant.

APPEAL from a judgment of the superior court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

John B. Haas for Appellants.

Hocker & Austin for Respondent.

BURNETT, J.—The controversy is over the satisfaction of a claim of plaintiff for the sum of $2,332. On December 29, 1915, one James L. Frazer entered into a contract with the county of Los Angeles for the construction of a highway known and designated as "Road Improvement District No. 39." For the work to be done by said Frazer the said county of Los Angeles promised to issue its bonds in the amount of $19,495 as provided in the certain act known as the Road District Improvement Act of 1907. The work was completed by Frazer, and was accepted by the board of supervisors of said county; the bonds were issued and the proper fund created and all the bonds were delivered in payment for said work except bonds for the amount of four thousand dollars, which at the beginning of this action were in the possession of the county treasurer. After said contract was executed between said Frazer and said county an agreement was entered into between Frazer and the plaintiff herein, whereby plaintiff agreed to furnish teams, tools, and other appliances required in the construction of said highway. Plaintiff complied with his agreement and the evidence shows without any controversy—in fact, it is virtually conceded by appellant—that said services were worth the sum claimed for them. Before said contract of Frazer and the county had been completed by the former and accepted by the latter and while the said four thousand dollars in bonds remained as aforesaid in the possession of the county treasurer, plaintiff served a notice in proper form upon said county and the treasurer thereof of his said claim

and demanded that a sufficient amount of said bonds be withheld from the contractor to satisfy his said claim. Thereupon an action was brought by plaintiff against said Frazer, said county, said treasurer, and the Pacific Coast Casualty Company to secure judgment for said amount and to subject said bonds to the satisfaction of said claim. Thereafter on motion of defendants one Fred Hoffman and one W. M. Ledbetter were brought in by order made by said superior court. The cause was tried before the court without a jury. Findings were filed and thereafter judgment rendered:

"That the plaintiff, Charles Stansbury, do have and recover of and from the defendant, James L. Frazer, the sum of $2,332, with interest from the thirteenth day of November, 1916, and that the plaintiff, have and recover of the defendant, James L. Frazer, and the intervener Fred Hoffman, costs in this behalf expended.

"That plaintiff has a lien on the highway bonds in the hands of the defendant, John N. Hunt, county treasurer of Los Angeles County, state of California, for the satisfaction of said judgment.

"That said bonds be deposited by said county treasurer with the clerk of this court, and on payment of the judgment rendered herein in favor of plaintiff, Charles Stansbury, and the satisfaction thereof, said bonds be delivered to the intervener Fred Hoffman."

There are other provisions in the judgment but they are not involved herein. The only appellant in the case is said intervener, Hoffman, and the principal point made by him is based on the position that he became the assignee of Frazer's contract with said county of Los Angeles and that he was, therefore, entitled to the entire consideration that was to be paid for said work, to the exclusion of said Stansbury for services performed by him under said agreement with Frazer. The theory of Hoffman is that he virtually became, by said assignment, the contractor for the performance of said work; that he was so recognized by the said county of Los Angeles; that he entered into a subcontract with Frazer, who was to perform all the work for the same consideration less one thousand two hundred dollars; that there was no contractual relation whatever between appellant and respondent, and that respondent's notice to

the county and the treasurer to withhold said bonds was without any force and effect whatever.

The written instruments by which it is claimed said assignment and subcontract were made between Hoffman and Frazer are set out in the transcript. We deem it unnecessary to reproduce them. It is sufficient to say that the court found that the contract was not assigned absolutely as claimed by appellant, but that the agreement was that Hoffman was to finance the work according to the terms therein set forth, and that in consideration therefor he was to be paid the sum of one thousand two hundred dollars. It may be added that to secure Hoffman for the money to be advanced by him a bond was required from Frazer. This accounts for the fact that the Pacific Coast Casualty Company was made a party to the action. The judgment, however, was in favor of said company, and it is, therefore, not interested in this appeal.

We think the court was entirely justified in so interpreting the contract between Frazer and Hoffman. [1] There is no doubt that Frazer performed the work and was recognized by said county as responsible therefor. Plaintiff, therefore, having been employed to perform said services by said Frazer, by serving said notice upon the county he effected an equitable garnishment of the balance that remained due to said contractor from said county. (Code Civ. Proc., sec. 1184: *Miles* v. *Ryan,* 172 Cal. 205, [157 Pac. 5]; *Goldtree* v. *City of San Diego,* 8 Cal. App. 509, [97 Pac. 216]; *Olson-Mahoney L. Co.* v. *Dunne Inv. Co.,* 30 Cal. App. 332, [159 Pac. 178]; *Associated Oil Co.* v. *Commary-Peterson Co. et al.,* 32 Cal. App. 582, [163 Pac. 702].)

[2] But, if we grant that the lower court was in error in holding that the contract between Hoffman and Frazer did not amount to an assignment, then the result will be the same under a proper construction of said sections of the Code of Civil Procedure. It can make no difference to Stansbury whether Frazer remained the contractor or became a subcontractor. He would have in either case the same claim upon the fund remaining in the hands of the treasurer. Hoffman, by assignment from Frazer, could secure no greater right to the remaining bonds or fund than if he had been the original contractor. But if the contract had been made by him and the county and he had entered

into a subcontract with Frazer and the latter had employed Stansbury, would it not be equally true that plaintiff, by the notice which he gave, could subject the remaining fund to the burden of his claim? As far as plaintiff is concerned, the legal effect of the two situations would be the same. In either case we would have a fund in the hands of the treasurer due for public work performed but unaffected by any other claim or burden, and thereupon subjected to garnishment at the instance of one who had been employed either by the contractor or subcontractor to contribute to said public work. We feel satisfied that said statute, enacted to protect the interest of laborers and materialmen, is broad enough to cover such a case.

Moreover, it appears without conflict that appellant has not been aggrieved by the judgment in favor of plaintiff. Upon either assumption as to his relation to Frazer, he was to make a profit of one thousand two hundred dollars. The record shows that he has paid out, under his contract with Frazer, the sum of $15,550.75. Under the judgment herein he is denied only the sum of $2,332 out of the entire issue of bonds of $19,495. In other words, he obtains $17,163, or a profit of $1,612.25, an excess of more than four hundred dollars over the agreed consideration. In view of this situation he surely should not be permitted to contest respondent's claim for payment out of the residue of the fund.

Again, the very question of the right of respondent to subject these bonds to the payment of his claim was litigated in a former action wherein Hoffman was plaintiff and Stansbury and others were defendants. The prayer of the complaint therein was:

"First: That a preliminary injunction be granted restraining the said board of Supervisors, John N. Hunt, treasurer of the county of Los Angeles, California, and Walter A. Lewis, auditor of Los Angeles County, California, from recognizing the said assigned claim of Charles Stansbury or in any way acting in accordance with the notice of claim filed by G. S. De Garmo, the assignee of Charles Stansbury, and restraining the said Charles Stansbury and G. S. De Garmo and James L. Frazer from asserting said claim or from interfering with the issuance of said bonds.

"Second: That the court adjudge the claim of Charles Stansbury as assigned to G. S. De Garmo void and of no effect as a claim against the bond to be issued for the pay-

ment of the work as provided in the contract made and entered into by the county of Los Angeles with James L. Frazer, a copy of which is hereto attached and marked Exhibit 'A,' and that the court adjudge the claim of Charles Stansbury as assigned to G. S. De Garmo a claim against which said Charles Stansbury bound himself to hold said Fred Hoffman, plaintiff herein, harmless.

"Third: That the court grant a permanent injunction restraining the acts for which a preliminary injunction is prayed for.

"Fourth: That plaintiff recover costs by him herein expended and that the plaintiff have such other and further relief as to the court may seem meet and just."

Judgment was rendered therein in favor of defendants and no appeal seems to have been taken. We deem it unnecessary to set out the pleadings in that case, but we think it is quite apparent that the foundation of the plaintiff's claim was identical with the basis of appellant's contention herein. The two actions, in other words, involved the same subject matter and exhibited all the identities that are required to constitute the former judgment a bar to a subsequent action. (Freeman on Judgments, sec. 252; *Sunkler* v. *McKenzie,* 127 Cal. 554, [78 Am. St. Rep. 86, 59 Pac. 982]; *Suisun Lumber Co.* v. *School District,* 19 Cal. App. 587, [127 Pac. 349]; *Krzepicki* v. *Krzepicki,* 167 Cal. 449, [140 Pac. 13].)

[3] The rule is that the party relying upon a former judgment in bar must plead it where he has an opportunity. (*Wixson* v. *Devine,* 67 Cal. 341, [7 Pac. 776].) Plaintiff herein endeavored to comply with the rule by setting up said former judgment in an answer to appellant's pleading, but the court struck it out upon the theory that no such pleading was required in response to an answer; in other words, that a plaintiff is not required to plead a judgment in bar of a defense set up by a defendant. As stated in *Wixson* v. *Devine, supra:* "It was not necessary or proper for plaintiff to plead his former recovery. It operated by way of estoppel to the defense set up by the defendant and as we have in our system of pleadings no replication to the answer, the estoppel could not properly be pleaded. (*Clink* v. *Thurston,* 47 Cal. 30; *Flandreau* v. *Downey,* 23 Cal. 358.)"

The judgment-roll in the former action was, though, introduced in evidence without objection. It is true that there is no specific finding as to the bar, but appellant has not

complained of that nor, indeed, could he, as the finding must have been necessarily against him.

We can see no merit in the appeal and the judgment and order are affirmed.

Hart, J., and Ellison, P. J., *pro tem.*, concurred.