[Civ. No. 4131.  Third Appellate District.—June 9, 1930.]

ANNA E. HILL, Respondent, v. ALEXANDER HILL, Appellant.

Henry G. Bodkin and Bingham Gray for Appellant.

Warren L. Williams and Seymour S. Silverton for Respondent.

LUTTRELL, J., *pro tem.*—In this action the plaintiff was granted an interlocutory decree of divorce from the defendant on the ground of extreme cruelty. By the judgment or decree plaintiff was awarded the custody of the two minor children of the parties, one, a boy thirteen and one-half years of age at the time of the decree and the other, a girl ten and one-half years old. Provision was made in the decree for the support of the children by the defendant and he was required to pay to plaintiff a stated sum as her attorney's fee in the action. The decree also disposed of the community property of the parties.

Defendant has appealed from the judgment on the ground that the evidence is insufficient to support the findings and the judgment and that the testimony of the plaintiff was not corroborated, as required by section 130 of the Civil Code of California. Respondent contends that the evidence adduced is amply sufficient to support the findings and judgment of the trial court and that respondent's testimony was sufficiently corroborated to satisfy the requirement of the above-mentioned section of the code.

An examination of the record of the evidence given at the trial demonstrates to our satisfaction that there is no merit to either of the contentions of the appellant. The trial court found, among other things, that on one occasion, as charged in respondent's complaint, the appellant struck respondent in the face, breaking her glasses and leaving black and blue marks on her face and that he at said time twisted her wrists; that on another occasion he seized her and threw her over a rocking-chair, thereby bruising her

back. The court further found that appellant falsely accused respondent of flirting and associating with other men and that he, in the presence of their children, called respondent a son-of-a-bitch and a whore and that the said acts and conduct of appellant caused respondent grievous mental anguish and physical suffering.

Respondent testified fully as to the above-mentioned acts of cruelty as well as to many others on the part of her husband. Her testimony was in all particulars mentioned in the findings corroborated by that of the son of respondent and appellant, who, according to his evidence, witnessed both of the physical encounters between the parties herein narrated and on one of such occasions found his mother weeping and prostrated. The son also testified to having heard the appellant apply said vile epithets to the respondent in the presence of himself and his sister.

Mrs. Christie Sullivan, a neighbor of the parties, testified that, about the date of the last striking of respondent by appellant, as testified to by respondent, she observed respondent "with a mark on her face—a black eye."

Mrs. Margaret Allen, who worked in the same store with respondent, testified that about that same time she noticed that respondent had a "big black place" on her right cheek and that her wrists were swollen.

Appellant, in presenting his defense in the action, denied the charges of cruelty. He did, however, admit that he had, in an indirect way, told his wife that she was a whore, his testimony in this regard being that respondent had spoken to him on the subject of her procuring a divorce and that in reply he quoted to her a passage from the Bible to the effect that if she should secure a divorce from him and then should commit adultery, she would be a whore.

▇ Extreme cruelty is defined in section 94 of the Civil Code to be "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage."

In the case of *Hansen* v. *Hansen*, 86 Cal. App. 744 [261 Pac. 503], decided by this court on November 15, 1927, in which case numerous California decisions are cited on the proposition, it is held that "No arbitrary rule of law can be laid down as to what particular facts must be alleged and proven in order to justify a finding that the complain-

ing party has suffered grievous bodily injury or has undergone grievous mental suffering. A correct decision must always depend upon the sound sense and judgment of the trial court. Whether in any given case there has been inflicted grievous mental suffering, or grievous bodily injury, is a question of fact to be deduced from all the circumstances of each particular case, keeping always in mind the intelligence, apparent refinement and delicacy of sentiment of the complaining party.''

Such being the undisputed law on the subject, and the evidence of appellant in the case at bar being in conflict with that of respondent and her witnesses on the issue of cruelty, it was for the trial court to pass upon the conflicting evidence and to determine whether or not the acts and conduct of appellant, as shown by the evidence, inflicted upon the respondent grievous mental suffering or grievous bodily injury, or both.

The trial court having decided these issues in favor of the respondent, and there being ample evidence in the record to support such conclusion, this court cannot, under well-settled principles of law, set aside such findings and judgment. In fact, from the evidence in this case, we cannot see how the trial court could have reached any other conclusion than it did on the issue of cruelty.

As hereinbefore stated, appellant contends that respondent's testimony is not sufficiently corroborated.

The principal object of the statute requiring corroboration in divorce cases is to prevent collusion. (*Smith* v. *Smith*, 119 Cal. 183 [48 Pac. 730, 51 Pac. 183]; *Crum* v. *Crum*, 57 Cal. App. 539 [207 Pac. 506]; *Andrews* v. *Andrews*, 120 Cal. 184 [52 Pac. 298].)

The fact that appellant vigorously contested respondent's suit in the court below and has presented this appeal dispels any idea of collusion between the parties in the procurement of a divorce. Moreover, corroboration of every act sworn to by the plaintiff is not required. It is sufficient corroboration if a considerable number of important and material facts are so testified to by the other witnesses, or if there is other evidence, circumstantial or direct, which strongly tends to strengthen and confirm the statements of the plaintiff. (*Andrews* v. *Andrews, supra; Percy* v. *Percy,* 188 Cal. 765 [207 Pac. 369].) As shown by the testimony

of respondent's son, as well as by that of the other two witnesses called in her behalf, the requirement of the law, as to corroboration, was fully met in the instant case.

No sufficient reason appears why the judgment of the trial court should be disturbed and the same is, therefore, affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.