[Civ. No. 8687. First Appellate District, Division One.—October 15, 1932.]

GLADYS R. MINNICH, Appellant, v. JESSE C. MINNICH, Respondent.

JESSE C. MINNICH, Respondent, v. GLADYS R. MINNICH, Appellant.

(1)

James Donovan for Appellant.

Hulme, Hastings & Bartlett, William N. Himrod, and Gerald Bridges for Respondent.

THE COURT.—Gladys R. Minnich, the appellant in the above actions, is the wife of respondent, Jesse C. Minnich. On November 19, 1928, she filed in the Superior Court of Los Angeles County an action for divorce from respondent on the ground of cruelty. This action was numbered D70334 and will be hereinafter referred to as the first action. She also asked for a division of the community property of the parties. Respondent answered, denying the allegations of cruelty and the existence of any community property, and at the same time filed a cross-complaint for a divorce on the ground of cruelty, and also prayed for a decree quieting his title to certain property described in his complaint which he alleged was his separate property. Appellant by her answer traversed the issues raised by the cross-complaint.

The action was tried, and the court found that the conduct of neither party constituted cruelty to the other; it determined that neither be granted relief on the issue of divorce, and further adjudged "that neither party herein do have or recover anything as against the other with reference to any issue raised by any pleading herein as to property rights, without prejudice to the right of said par-

ties or either of them to litigate any or all such matters in another action or actions''. This judgment was entered on November 26, 1929, and no appeal was taken therefrom.

On April 12, 1930, appellant instituted in the same court one of the actions in which this appeal was taken, being action numbered D84241. This was an action for separate maintenance on the ground of cruelty. In her complaint she described portions of the property mentioned in her first action; alleged the same to be community property and sought a division thereof. Respondent denied the allegations of this complaint, and at the same time filed a separate suit, numered D84562, for a divorce from appellant on the ground of desertion. In his complaint respondent alleged the property mentioned to be his separate property. Following the filing of her action appellant obtained an order requiring respondent to pay the sum of $80 each month as temporary alimony. The two actions were by stipulation tried together. The trial resulted in the entry of an interlocutory decree by which it was adjudged that the respondent should be granted a divorce; that the real and personal property described in the pleadings was his separate property, and that appellant take nothing by her action for separate maintenance except that she recover judgment for $500 attorney's fees, and costs.

A motion for a new trial was made in each case and denied, and appeals were taken from the judgments.

In action No. D84562 the court found ''that all and singular the allegations of the complaint herein are true''. It is appellant's view that this finding is insufficient; but findings in this form have been upheld in numerous cases, and the same is true of a finding that the denials of an answer are untrue (24 Cal. Jur., Trial, sec. 214, and cases there cited).

Appellant cites *Turner* v. *Turner*, 187 Cal. 632 [203 Pac. 109], and *Holt Manufacturing Co.* v. *Collins*, 154 Cal. 276 [97 Pac. 516], where it was held that a finding of the truth of all the material allegations of a pleading was insufficient, and this for the reason that it could not be ascertained what averments were deemed material by the trial court. This defect is not found in the case at bar.

In addition to her denials appellant pleaded matters in recrimination, and the court found specifically that these

allegations were untrue. The court also found that certain averments of acts of cruelty by respondent, which were alleged by way of recrimination, had been adjudicated against appellant in the first action, the judgment in which had become final. The evidence supports this finding as well as specific findings against other acts of cruelty alleged by appellant. There was, as she contends, testimony supporting her allegations, but the credibility of her witnesses and the weight to be given their testimony were questions for the trial court (Code Civ. Proc., sec. 1847), and its conclusions cannot be disturbed.

It is also urged that the finding that appellant deserted respondent is unsupported and that the judgment in the first action was not a final adjudication of the facts therein alleged, for the reason that relief was denied to both parties. ▮ It is the rule that a divorce cannot be granted on the uncorroborated admission or testimony of the parties (Civ. Code, sec. 130); but it has been held that the principal object of the rule requiring corroboration is to prevent collusion; and where it is clear that there was no collusion, and defendant's testimony although conflicting with that of the plaintiff in many details, in the more important matters was corroborative of plaintiff's testimony, which was also corroborated in certain respects by other testimony, the evidence is sufficient (*Smith* v. *Smith,* 119 Cal. 183 [48 Pac. 730, 51 Pac. 183]; *Andrews* v. *Andrews,* 120 Cal. 184 [52 Pac. 298]; *McMullin* v. *McMullin,* 140 Cal. 112, 119 [73 Pac. 808]). So the fact that defendant has vigorously contested the suit dispels any idea of collusion (*Hill* v. *Hill,* 106. Cal. App. 309 [289 Pac. 227]). Such was the case here; and without reviewing the voluminous record it will be sufficient to say that the corroborated testimony fairly supports the finding.

▮ The defense of *res judicata* was alleged in the answer to the complaint in appellant's action for separate maintenance, but upon her motion was stricken therefrom. The former judgment was, however, admitted in evidence in respondent's action for divorce on the ground of desertion. Appellant had denied the alleged desertion, and averred acts of cruelty by respondent as justification for leaving him. The alleged acts occurred before the entry of the judgment mentioned which determined these allegations to be

untrue. Such an adjudication was conclusive between the parties when the same facts came again in issue although the same was not pleaded (*Wixon* v. *Devine*, 67 Cal. 341 [7 Pac. 776]; *Estate of Clark*, 190 Cal. 354 [212 Pac. 622]; *Civille* v. *Civille*, 22 Cal. App. 707 [136 Pac. 503]; *Stansbury* v. *Frazer*, 46 Cal. App. 485 [189 Pac. 495]; *Glockner* v. *Palace Amusement Co.*, 47 Cal. App. 597 [191 Pac. 46]; *Sallee* v. *Sallee*, 63 Cal. App. 54 [218 Pac. 69]). ▮ Moreover, the judgment was admitted in evidence by stipulation between the parties; and having been admitted the court might consider it for any purpose for which it was competent and relevant (*Sears* v. *Starbird*, 78 Cal. 225 [20 Pac. 547]).

Appellant further complains that she was prejudiced by the order of proof followed by the trial court, and that she was not given an opportunity to present evidence on the issues respecting the character of the property described in the pleadings.

▮ It appears to have been agreed between counsel at the trial that while the two actions were to be tried together the divorce action should be heard first. However, as is not unusual in such cases this order was not followed strictly, and in this course appellant's counsel appears to have acquiesced—at least there was no objection made by him. In the regulation of trials the court has a large discretion, and unless the same be abused its course is not ground for reversal (2 Cal. Jur., Appeal and Error, sec. 352, p. 902; 24 Cal. Jur., Trial, sec. 45, p. 764). Here neither abuse of discretion nor prejudice has been shown. Moreover, appellant's counsel stipulated at the trial that the evidence introduced upon the issues presented in the divorce action should be considered in the action for separate maintenance, it being stated in effect that if respondent as plaintiff in the divorce action established grounds for the same, and appellant's defense by way of recrimination—which was based upon alleged acts of cruelty by respondent—was found against her, the court was bound to deny her prayer for separate maintenance. It is clear from the statements of her counsel at the close of the hearing that all her evidence in support of this complaint was adduced at the trial. This being true, the court, in view of its conclusions as to the effect of the evidence, could not, under the following

cases, in which the facts were similar, do otherwise than deny a decree for separate maintenance: *Volkmar* v. *Volkmar*, 147 Cal. 175 [81 Pac. 413]; *Kessler* v. *Kessler*, 2 Cal. App. 509 [83 Pac. 257]; *Tayian* v. *Tayian*, 64 Cal. App. 632 [222 Pac. 377].

Appellant insists, however, that she was denied the right to present evidence showing the property described in the pleadings to be community property.

At the close of the trial the court asked if the parties were ready to submit the matter, to which appellant's counsel replied, "We understand, your Honor, this is on the merits of the divorce action. We haven't gone into the property matters. I believe that was your Honor's desire, wasn't it, to go into the merits of the case before we proceed with the property matters? The Court: I don't think there is anything to proceed on other than we have been over. The decree will be for the husband in the divorce action, and against the wife and for the husband in both actions." The parties were married on November 5, 1919, in Ohio, where they were residing. It is undisputed that respondent then owned separate property, both real and personal, of the approximate value of $75,000. Later the larger part of the property was sold and the proceeds brought to California. Respondent testified that several parcels of real property situated in California were purchased with money from this fund, and title to the same taken in the name of the spouses as joint tenants, and the deeds in evidence so show. It appears that these properties were subsequently sold or exchanged and other property acquired, title to which was taken in respondent's name. Appellant claimed an interest in this property, alleging it to be community property. In *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003], certain real property was purchased with community funds and deeded to a husband and wife as joint tenants. It was held that the taking of the title thereto in the names of the spouses as joint tenants was an expression on the face of the conveyance of the intention not to hold the property thereafter as community property but in joint tenancy, and that the equal interest of the spouses should thereafter be classed as their separate but joint estate in the property. The same conclusion would be supported where, as here, the property was purchased with

the separate funds of one of the spouses. In such case, however, except where there is a written agreement between the spouses creating the joint estate, the true intention may be shown by parol (*Estate of Gurnsey*, 177 Cal. 211 [170 Pac. 402]; *Parsons* v. *Robinson*, 206 Cal. 378 [274 Pac. 528]; *Siberell* v. *Siberell, supra; Ives* v. *Connacher*, 162 Cal. 174 [121 Pac. 394]; *Crowley* v. *Savings Union etc. Co.*, 30 Cal. App. 144 [157 Pac. 516]; *Potter* v. *Smith*, 48 Cal. App. 162 [191 Pac. 1023]; *Vandervort* v. *Godfrey*, 58 Cal. App. 578 [208 Pac. 1017]; *Conneally* v. *San Francisco Sav. & Loan Soc.*, 70 Cal. App. 180 [232 Pac. 755]; *Estate of Nelson*, 104 Cal. App. 613 [286 Pac. 439]), and such evidence has been held admissible in cases where the transfer was from the husband to the wife. (*Estate of Bruggemeyer*, 115 Cal. App. 525 [2 Pac. (2d) 534]; *Osborn* v. *Mills*, 20 Cal. App. 346 [128 Pac. 1009].)

In the case at bar while it appears that the property held in joint tenancy was sold, and other property acquired in the name of the husband, nevertheless it is the rule that property does not lose its character as separate or community property by a change in form or identity (*Estate of Brady*, 171 Cal. 1 [151 Pac. 275]; *Estate of Jolly*, 196 Cal. 547 [238 Pac. 353]; *Simonton* v. *Los Angeles Trust etc. Bank*, 205 Cal. 252 [270 Pac. 672]); and if it was respondent's intention—which the deeds indicated—to make a gift to his wife of an interest in the property, this interest was not lost by reason of its exchange or sale, notwithstanding the title acquired as the result thereof was taken in respondent's name. (*Estate of Bruggemeyer, supra.*) Moreover, the latter fact raised a presumption that the property acquired was community property (Civ. Code, sec. 164; *Estate of Nickson*, 187 Cal. 603 [203 Pac. 106]), and placed the burden of proving the contrary on respondent. (*Estate of Fellows*, 106 Cal. App. 681 [289 Pac. 887].)

Respondent testified that the conveyances in joint tenancy were made for the convenient handling of the property, and that no gift to his wife was intended. However, appellant had an apparent interest by virtue of these conveyances. Whether she had more than this and afterward agreed to commute her interest into community property, it being alleged that the property subsequently acquired was of this character, were questions to be determined from

evidence. The circumstances and presumption mentioned tended to support her claim; and in view of her allegations she should have been afforded an opportunity to adduce evidence on this issue. The divorce was granted on the ground of desertion; and if it appeared that any of the property was community in character she would, of course, be entitled to an equal division of such portion. (Civ. Code, sec. 146.)

It will consequently be necessary to reverse the judgments appealed from in so far as they adjudge Jesse C. Minnich to be the sole owner of the property and that his wife has no interest therein. Accordingly, those portions of the judgments adjudging the property described in the pleadings to be the separate property of Jesse C. Minnich and that Gladys R. Minnich has no claim, right, title or interest therein and that she take no part thereof, are reversed, and the cause is remanded for a new trial on the question whether said property is separate or community property. The judgments in all other respects are affirmed.

And it is further ordered that appellant recover her costs on appeal.