[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CT Page 111 MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved for summary judgment with respect to its claim that the defendant bank wrongfully set off funds in an account of one of its depositors against a debt owed to the bank after the plaintiff caused a bank execution to be served on the account. The plaintiff obtained a judgment in the United States District Court for the Southern District of New York against National Oil Service, Inc. ["National Oil"] for $32,471.21. That judgment was subsequently registered with the United States District Court for the District of Connecticut. Thereafter, the plaintiff caused a Bank Execution Order to be issued against funds in National Oil's deposit account with the defendant bank. Pursuant to General Statute 52-367a, the plaintiff, on June 13, 1992, caused the bank execution order to be served upon the defendant at which time National Oil had $21,556.09 in the account.
The defendant has submitted documentation indicating that on August 8, 1986 it issued a demand note to National Oil in the amount of $100,000 which, on the date of service of the execution, was in default. The deposit account agreement between the defendant and National Oil specifically provides for the defendant's right to set off funds on deposit. After receiving the Bank Execution Order, the defendant exercised its setoff against funds in National Oil's deposit account and thereafter refused to pay any amount to the plaintiff pursuant to the Bank Execution Order. The plaintiff claims that since the Bank Execution Order was served prior to the time that the defendant exercised its rights of setoff, it has priority over the funds in the account at the time the Bank Execution Order was served.
A demand note is due and payable upon delivery. Thomaston Savings Bank v. Warner, 144 Conn. 97, 101 (1956). "Although, strictly speaking, a depositor in a savings bank retains an equitable ownership in the deposit while transferring the legal title to the bank for purposes of investing it and conserving it for him, the relationship becomes in a sense that of a debtor and a creditor." Wawrzynowicz v. Wawrzynowicz, 164 Conn. 200, 202
(1972). "As a general rule, a creditor-bank has a right of setoff against funds in its possession belonging to a debtor-depositor." Vic Gerard Golf Carts v. Citizens National Bank, 528 F. Sup. 237,241 (D.Conn., 1981). "This right of setoff maybe exercised prior to or after the service of the writ of garnishment." 6 Am.Jur. CT Page 112 Second, Attachment and Garnishment, 374 (1963); see also, Annot. 106 ALR 62 (1937). In Walters v. Bank of America National Trust and Savings Association, 127 Cal. 554, 59 P.2d 983 (1936), the court held that it was not necessary that a garnishee bank exercise its right of setoff against a garnished account prior to the service of the writ of garnishment. In so holding, the court stated:
 ". . . [A]n attaching creditor stands in the shoes of the debtor and he is clothed with no greater rights than the debtor himself has. Consequently upon service of garnishment process a bank would be entitled to offset against any amount due by it to the depositor the amount of any matured indebtedness due it by the depositor." (Id. at 985).
The court further stated:
 "The relationship between a bank and its depositor is . . . that of . . . debtor and creditor. If, therefore, the debt owed by the depositor to the bank exceeds art amount that owed by the bank to the depositor, there exists no credit chose in action which is subject to execution or garnishment. . . . Garnishment process reaches only the excess after deduction of the amount owed by the debtor from the amount of the bank's indebtedness to him." (Id. at 585-586).
The plaintiff argues, however, that the setoff occurred too late to modify the defendant's duty to pay the plaintiff's execution because the defendant had accepted a notice of execution before attempting its setoff. In this regard the plaintiff relies upon General Statutes 42a-4-303 which provides, in part:
 "(a) Any knowledge, notice or stop payment order received by legal process served upon, or setoff exercised by a payor bank comes too late to terminate, suspend, or modify the bank's right or duty to pay an item or to charge its customer's account for the item if the knowledge, notice, stop payment order, or legal process is received or served and a reasonable time for the bank to act thereon expires or the setoff is exercised after . . . (1) the bank accepts or certifies the item." CT Page 113
The plaintiff argues that the definition of "item" as used in section includes service of a bank execution order.
The term "item" is defined as "an instrument or a promise or an order to pay money handled by a bank for collection or payment." General Statutes 42a-4-104(a)(9). In addition, the section relied upon by the plaintiff describes the bank upon which legal process is served or which exercises a right of setoff as a "payor bank". The term "payor bank" as used in the statute means "a bank that is the drawee of a draft". General Statutes 42a-4-105(3). Accordingly, the court holds that an order for execution is not "item" within the meaning of General Statutes 42a-4-303 and that the defendant is not a "payor bank" within the meaning of that statute.
The plaintiff also relies on Wilton Enterprises v. Cook's Inc., 552 A.2d 1031 (N.J.Super. 1988). That case held that service of a garnishment upon a bank attaches funds in a checking account if the garnishee bank is served with process before the bank makes final payment of checks presented to it for collection. Thus, the Wilton case involves an "item" which is not involved in the present case.
The plaintiff also relies upon Normand Joseph Enterprises, Inc. v. Connecticut National Bank, 8 CSCR 667 (July 5, 1993) (Pellegrino, J.). The Normand case involves elements not present the existing action. In Normand, the court specifically noted that loan documents did not provide for a right of setoff and that the defendant was relying upon a common law right of setoff which is founded in the court's equitable powers. The court held that the defendant, in that case, improperly, and in an untimely manner, failed to exercise its right of setoff. The court therefore held that the court would not exercise its equitable powers on behalf of a defendant who has intentionally ignored an order of the court.
Accordingly, the motion for summary judgment is denied.
Rush, J. CT Page 114